## TOWNSEND v. SPARKS.

1. AGRICULTURAL LIEN—WARRANT—REV. STAT., 2519.—Under Rev. Stat., 2519, a warrant issued by a clerk of court under the agricultural lien law, may be vacated for failure to file with clerk the affidavits upon which it was granted within ten days after issuance.
2. LIENOR AND LIENEE—WARRANT—WAIVER.—A lienor does not waive his right to move to vacate a warrant of attachment by commencing proceedings in claim and delivery against sheriff.
3. FILING PAPERS—CLERK OF COURT.—A paper is not filed with the clerk unless it is left with him *as clerk* to be filed, and he *as clerk* received it to be kept on file.
4. IBID.—SUPREME COURT.—Whether a paper was filed is a question of fact, and this Court has no jurisdiction to review such finding by Circuit Judge.

Before WATTS, J., Marlboro, December, 1896. Affirmed.

Proceedings before clerk of court to foreclose an agricultural lien by John R. Townsend against William A. Sparks. Upon motion, Circuit Judge set aside warrant. Plaintiff appeals.

*Messrs. T. I. Rogers* and *H. H. Newton*, for appellant, cite: *Point not presented below not considered here:* 31 S. C., 445. *Statement of amount due in affidavit sufficient:* 24 S. C., 122; 6 Ind., 309. *Circuit Court Rule 69 not applicable, and penalty not authorized:* 32 S. C., 157; Code, 450; 18 Stat., 56; 46 S. C., 42; 31 S. C., 452. *Affidavit legally filed:* 30 S. R. A., 498; Rev. Stat., 782; 1 Gil., 575; 2 Blackf., 247; 25 Minn., 81; 2 Coldw., 486; 14 Tex., 437; 13 Barb., 329; 3 Utah, 258; 1 B. & Ad., 861; 42 S. C., 351; 24 Ark., 636; 15 Ga., 483; 21 Ark., 580; 2 Ind., 91.

*Mr. Knox Livingston*, contra, cites: *Paper is only filed when placed in proper office and properly indorsed:* 38 Ala., 251; 65 Mo., 590; 2 Blackf., 248; 25 Minn., 86; 14 Tex., 339; 2 Cold., 488; 15 Ga., 484; 6 Ind., 309; 1 Bradw., 145; 14 S. C., 42; 16 Stat., 411. *Warrant should be vacated*

*when affidavit not filed:* Rev. Stat., 2519; Code, 250; 69 Rule Cir. Ct.; 31 S. C., 375; 32 S. C., 157; 46 S. C., 39; 31 S. C., 369; 43 S. C., 333, 443. *Lienor does not waive right to move to vacate by replevying:* Rev. Stat., 2522, 2519; Code, 262, 263; 17 S. C., 553; 24 S. C., 123. *Rule 69 not void:* Code, 450, 250; 2 Hill, 674; 10 Rich., 407; 32 S. C., 157; 43 S. C., 245, 341; 17 Ohio, 409; 3 Pick., 512; 110 N. C., 511; 14 S. E. R., 741.

Sept. 13, 1897. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is an appeal from an order vacating a warrant of attachment issued against respondent at the instance of appellant under the agricultural lien law. Under this warrant the crops of respondent were seized by the sheriff. Respondent, as plaintiff, brought an action of claim and delivery against the sheriff and appellant, as defendants, and gave bond to obtain the delivery of the said crops to him; but upon the sheriff and appellant executing the required bond, the property was retained by the sheriff. Thereafter, respondent moved before Judge Watts to vacate said warrant on the ground that it was improvidently issued, in that the affidavit upon which it was based is not true, and on the further ground that it was irregularly issued, because (1) no statement of the amount due accompanied the affidavit; (2) the affidavit was not filed with the clerk of the court within ten days after the issuance of the warrant. The Circuit Judge vacated the warrant, basing his judgment solely upon the ground that the affidavit upon which the warrant was issued was not filed with the clerk of said court, as required by sec. 250 of the Code of Procedure, and Rule 69 of the Circuit Court, overruling the other grounds.

Appellant appeals on the following grounds: "1. Because his Honor, Judge Watts, erred in holding that the affidavit upon which the warrant to seize the crop was issued was not filed with the clerk of the court, as required by sec. 250 of the Code of Civil Procedure, and Rule 69 of the Circuit Court. 2. Because said affidavit was actually and legally

filed, and his Honor should have so held.    3. Because the
respondent, by replevying the property seized under the said
warrant of foreclosure, waived his right to move to vacate
the said warrant, and his Honor should have so held. , 4.
Because the penalty fixed by Rule 69 of the Circuit Court
is void, being in contravention of the statute, and his Honor
should have so held."

We consider the exceptions in their inverse order:

1. Under sec. 450 of the Code of Civil Procedure, the
Justices of the Supreme Court and Judges of the Circuit
Courts have authority to meet in general convention
and adopt rules deemed necessary to regulate the
practice in the Circuit Court, provided such rules are
not inconsistent with any statute of the State.    We have
been pointed to no statute with which Rule 69 is inconsist-
ent, and know of none.    On the contrary, sec. 250 of the
Code of Civil Procedure provides that "it shall be the duty
of the plaintiff procuring such warrant (warrant of attach-
ment under the Code), within ten days after the issuance
thereof, to cause the affidavits on which the same was granted
to be filed in the office of the clerk, &c."    Rule 69 of the
Circuit Court makes it the duty of plaintiff's attorney,
within ten days after the issuance of the attachment, to file
with the clerk of the court the affidavits upon which the
attachment was granted, and upon failure to do so, defend-
ant shall be at liberty to move the Court to vacate the pro-
ceedings for irregularity.    In *Ketchin* v. *Landecker*, 32 S. C.,
157, this Court held that Rule 69 was intended to carry out
the provisions of sec. 250, quoted above, and that under sec.
250 and Rule 69, a warrant of attachment issued in an action
could be vacated for failure to file the affidavits upon which
it was based within ten days after issuance.    It is argued
that Rule 69 has no application to this case.    It is true, that
this rule relates directly to practice in the Circuit Court, and
has no direct application to a proceeding like this, which
arises under a special statutory authority conferred upon the
clerk to issue a warrant of seizure in certain cases, the au-

thority of the convention of Justices and Judges being limited to regulating the practice in the Circuit Courts. *Sharp* v. *Palmer*, 31 S. C., 452. But Rule 69 *is* applicable to the case of a warrant of attachment under the Code, as shown in *Ketchin* v. *Landecker*, *supra*, and the acts of 1885, 19 Stat., 429, sec. 2519, Rev. Stat. 1893, relating to the enforcement of agricultural liens, provides that "the person against whom it (warrant of seizure under the agricultural lien law) is issued, shall have the right to move before the clerk of the court, or trial justice by whom it is issued, or a Circuit Judge, to vacate said warrant of seizure for any of the causes which would be sufficient to vacate a warrant of attachment issued under the Code of Procedure." It follows that a warrant of seizure issued by a clerk of the court under the agricultural lien law may be vacated for failure to file with the clerk the affidavits upon which it was granted within ten days after the issuance of the warrant. *Doty & Co.* v. *Boyd*, 46 S. C., 42. This, by virtue of the act of 1885, *supra*, and not by virtue of Rule 69, except in so far as that rule has the force of a statute, as applied to sec. 250 of the Code of Civil Procedure.

2. The question raised in the third exception, that respondent waived his right to move to vacate the warrant of seizure by the proceedings in claim and delivery for the property seized, does not appear to have been raised before or considered by the Circuit Judge, and is not properly before us, but we may say it is untenable. *Segler* v. *Coward*, 24 S. C., 123.

3. The first and second exceptions may be considered together. Having shown that a warrant of seizure under the agricultural lien law issued by a clerk of the court may be vacated for failure to file the affidavit upon which it was granted with the clerk within ten days after issuance of the warrant, it remains to see if there was in fact such failure to file in this case. In *Sternberger* v. *McSween*, 14 S. C., 42, this Court defined what is filing a paper, and quoted with approval the definition in 1 Bour.

Law Dict., 524, as follows: "A paper is said to be filed
when it is delivered to the proper officer and by him received
*to be kept on file.*"   The above mentioned case held that an
agricultural lien marked filed by the clerk and immediately
thereafter withdrawn by the lienee and retained in his pos-
session, was not a compliance with the act of 1878, requiring
that such liens "shall be filed in the office of the register of
mesne conveyance for the county in which the lienor resides
* * * and he shall keep an index of all such liens so filed,
* * * and this shall be a sufficient record of the same."  The
evidence submitted to the Circuit Judge tended to show that
the affidavit upon which the clerk issued the warrant in this
case was prepared by appellant's attorney and sworn to by
appellant before the clerk in the clerk's office.   The affida-
vit was on the same sheet of paper containing the warrant
issued.   This paper with the undertaking were left with the
clerk without instructions.   The undertaking was marked
filed, but no such indorsement was made on the affidavit.
As soon as he could thereafter, the clerk delivered the war-
rant and affidavit to the sheriff, who immediately seized
respondent's crops.   When the sheriff went to seize respond-
ent's crops, he showed the affidavit and warrant to appellant.
A day or two after the issuance of the warrant and the seiz-
ure thereunder, respondent, Sparks, applied to the clerk of
the court to see the papers, especially the affidavit.   The
clerk thereupon, considering it his duty to do so, went to
the sheriff's office, got the papers, including the affidavit,
and showed them to respondent for examination, after which
the clerk returned the affidavit and warrant to the sheriff.
Before the expiration of ten days from the issuance of the
warrant, the attorneys for respondent as well as the attor-
neys for appellant had the affidavit and warrant in their
possession for a while, having received them from the sher-
iff, who had possession or custody of the papers until after
the commencement of these proceedings.   The Circuit Judge
found that the affidavit upon which the warrant was issued
was not filed with the clerk of said court, as required by sec.

250 and Rule 69 of the Circuit Court—that is, within ten days after the issuance of the warrant. He doubtless concluded that since the warrant was manifestly left with the clerk, not for filing, but to be delivered to the sheriff, and since it was impossible to deliver to the sheriff the warrant without also delivering the affidavit inseparably attached, the affidavit was also left with the clerk, not for filing but to be immediately delivered to the sheriff. This inference he no doubt thought was further evidenced by the fact that the undertaking was marked filed and the affidavit was not so marked. If the paper was not delivered to the clerk as clerk to be filed, and the clerk as clerk did-not receive it to be kept on file, it was not filed as matter of law. Whether the paper was actually delivered and received for the purpose of filing, is a question of fact. In a proceeding of this kind we have no jurisdiction to review the evidence with a view to ascertain whether the facts be different from what was necessarily found by the Circuit Court, just as we have no jurisdiction to review the facts presented to him on the issue whether the attachment was improvidently issued. *Sharp* v. *Palmer*, 31 S. C., 444.

We find no error in the judgment of the Circuit Court. It is, therefore, affirmed.