#### WATSON v. PASCHALL.

1. ORDERS—ATTACHMENT—PUBLICATION OF SUMMONS.—On motion *only* to vacate attachment, so much of order as undertakes to decide that order of publication of summons was improperly issued because affidavit was not sufficient, is error.

2. ATTACHMENT.—RULE 69 OF CIRCUIT COURT requiring clerk of Court to indorse on bond his approval before warrant of attachment is issued, contravenes sec. 156 of Code of Proc., and is so far invalid; and an attachment issued without such approval indorsed is valid where there is no question made as to the sufficiency of the bond.

Before WATTS, J., Chesterfield, August, 1905. Reversed.

Action by E. T. Watson against Paschall & Co. From circuit order vacating attachment, plaintiff appeals.

*Messrs. Stevenson & Matheson,* for appellant, cite: *As to order of publication:* 19 S. C., 294; 42 S. C., 166; 16 S. C., 499; 70 S. C., 501. *As to indorsement on bond:* Code of Proc., 251, 252; 31 S. C., 262; 72 S. C., 570; 43 S. C., 340; 4 Ency. L. & Proc., 537; 12 W. Va., 526; 21 Fla., 201; 18 Ark., 236; 103 U. S., 62; Frem. on Judg., 56, 67.

*Messrs. R. T. Gaston* and *Edward McIver,* contra, cite: *Bond must be filed with indorsement:* 32 S. C., 155; 46 S. C., 39; 50 S. C., 382; 9 S. C., 281. *If affidavit for publication is not sufficient, attachment should be vacated:* 41 S. C., 22.

March 7, 1906. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The plaintiff began his action against the defendants above named by a regular summons

and complaint on the first day of May, 1905, to recover the sum of $5,000. He obtained a warrant of attachment upon the defendants' property located in this State to secure the sum of $5,000. The defendants moved to set aside the warrant of attachment. Their motion came on to be heard before Judge Watts, whereupon he ordered the attachment set aside, from which order the plaintiff appealed to this Court. The following statement will put us in possession of the facts underlying the controversy.

The complaint sets out, amongst other things, that the plaintiff was a broker, and that in 1905 he was employed by the defendants to sell for them certain timber lands in Chesterfield County, in this State, and for which service the defendants agreed to pay him the sum of $5,000; that he secured, as purchasers therefor, Holley and Stephenson, which said sale was confirmed by the defendants, but when the parties appeared to consummate such sale according to the terms of their previous agreement, the defendants refused to carry out the same. They refused to pay the sum of $5,000 or any part thereof to the plaintiff, and it is to recover this sum of money that the action is brought.

On the 1st of May, 1905, the plaintiff sought to have a warrant of attachment issued by R. E. Rivers, as clerk of the Court of Common Pleas of Chesterfield County, upon the property of the defendants in Chesterfield County. To do this he filed the summons and complaint in his action against the defendants. At the time of filing his complaint he filed his affidavits, setting forth the previous facts herein recited, with the names of the individual defendants and their respective places of residence, showing that they were non-residents of this State. Thereupon an attachment in the usual form was issued, on the same day the plaintiff obtained from said clerk of Court the usual order for publication, so that the defendants might each one be served thereby with the summons and complaint.

That said summons was published for the first time on May 5th, 1905, in the *"Carolina Citizen,"* and for five suc-

cessive issues, once in each week, said notice was published. On June 27th, 1905, the defendants gave notice of their motion before Hon. R. C. Watts, Judge of the Fourth Circuit, for an order dismissing, vacating and setting aside said attachment on the following grounds:

"1. That said attachment was improvidently issued.

"2. That said attachment was irregularly issued and without warrant of law, in that:

"(a) No undertaking, with the approval of the officer taking same, indorsed thereon, has ever been filed with the clerk of the Court in this cause.

"(b) The affidavit upon which said attachment was granted has never been filed with the clerk of this Court.

"(c) No undertaking upon the part of the plaintiff in said cause was filed with the clerk of this Court within ten days after the said issuing of said attachment.

"(d) That neither the order for service of summons by publication in this case, nor the affidavit for such order, has ever been filed with the clerk of this Court.

"(e) That there is no order of publication of summons in this case on file with the clerk of this Court, or in his office.

"(f) The summons in this cause was issued and published before complaint in said cause was filed with the clerk of this Court.

"(g) The summons does not state in the past tense, when and where said complaint was filed, but was dated April 29th, and states that complaint was filed May 1st.

"(h) The said proceedings are otherwise irregular and without warrant of law."

From time to time the motion was continued, until finally it was heard about the 25th of July, at which hearing the following affidavits were used, captions being omitted:

"Personally before the subscribing officer appears R. E. Rivers, clerk of Court in above county and State, who, being duly sworn, says:

"1. That before the attachment in the above stated case was issued by him, that an undertaking or bond was given in the sum of *one thousand* ($1,000) *dollars,* which undertaking had sufficient surety which was approved by me and filed in my office as required by law on the 1st day of May, 1905, and that I did not write on the bond the word 'approved,' for the reason that I did not consider it necessary, but I had actually approved the bond before I issued warrant of attachment. This bond was filed with me just before the attachment was issued.

"2. The attachment was issued upon an affidavit and a verified complaint, both of which were filed in my office before the warrant of attachment was issued on May 1st, 1905, and the said warrant was issued upon them.

"3. That thereupon an affidavit, on which was based an application for order of service of summons by publication, was on the same day filed with me; on this affidavit I granted the order of service of summons by publication and the said papers were then and there filed with me in my office, and the order of publication is now on file in my office. That the complaint was filed with me at the same time that I signed the order of publication. And I considered the complaint filed with me before order of publication was granted, and I am satisfied it was so filed. The first notice in the paper of the publication of the summons did not appear until several days after an order was granted and papers filed with me.

"4. The complaint in this case was filed with me on the 1st day of May, 1905, and the order of publication granted the same day, and an inspection of the file of the *'Carolina Citizen'* shows that the first publication was not made until after that date.

"5. That the complaint, the affidavit for attachment and order of publication and the bond for attachment in above stated case were all filed with me the 1st day of May, but only the complaint, which was on the outside paper, enclosing the others was actually marked 'filed' on that day, and

the others having since then been marked 'filed' by me, having never been out of my office since filed.

"R. E. RIVERS,
"Clerk of Court Chesterfield County, S. C.

"Sworn to before me, this 3d day of July, 1905."
(Seal)          D. S. MATHESON, Notary Public.

"Personally comes W. F. Stevenson, who, on oath, says that he had the papers prepared to obtain the attachment in this case on Saturday, April 29th, and dated his summons as of that date, expecting to get the warrant of attachment from Judge R. C. Watts here in Cheraw, but at the last minute it was inconvenient to do so, and he postponed the application until Monday, May 1st, when he obtained the attachment from Mr. R. E. Rivers, clerk of Court, and immediately attached the notice to the bottom of summons, notifying the defendants that the complain was filed on May 1st at the clerk's office, in Chesterfield County, a copy of which summons as published is heretofore attached, being first published May 5th, 1905, in *Carolina Citizen.* That on obtaining the attachment, he left the affidavit of non-residence and the verified complaint and the bond and the order of publication, all properly signed and complete, with the clerk of the Court for filing and they were so filed on that date.                                W. F. STEVENSON."

"Sworn to before me, July 29th, 1905.
(Seal)      "T. G. MATHESON, Notary Public."

"Personally before the subscribing officer appears J. T. Meehan, who, being duly sworn, says that he is the editor of the *Carolina Citizen.* That the summons in the above stated case was published in his paper, and that the first issue in which the same was published was dated May 5th, 1905, of which a copy is hereto attached.

"JOHN T. MEEHAN."

"Sworn to before me, this 29th day of July, 1905."
D. S. MATHESON, Notary Public.

27—73

Upon August 1st, the presiding Judge granted the following order, caption being omitted:

"The defendants, appearing for the purpose only, having moved to dismiss the proceedings in the above stated case, and to vacate and set aside the warrant of attachment therein granted by the clerk of this Court, on the grounds fully set forth in their notice of motion, served on plaintiff's attorneys; the motion was heard by me upon the papers in the case, and certain affidavits submitted by the plaintiff's attorneys.

"It appears that the undertaking on the part of the plaintiff did not have the 'approval of the judge or officer taking the same indorsed thereon,' as required by the sixty-ninth rule of the Circuit Court, at the time the warrant of attachment was issued; nor was same, so indorsed, filed with the clerk of Court of this county within ten days thereafter. This failure to have the undertaking approved, as required by this rule of Court, cannot be cured by the fact that such approval was indorsed thereon afterwards.

"There was no sufficient affidavit, as required by sec. 156 of the Code, that the defendants 'cannot, after due diligence, be found within the State;' this is necessary where it is desired to serve the defendants by publication.

"It is, therefore, on motion of R. T. Gaston and Edward McIver, attorneys for the motion, *Ordered,* That the attachment herein be vacated and set aside, and that the proceedings had by plaintiff to serve the defendants herein be dismissed with costs.

"It is further *Ordered,* That the notice of motion, and also the affidavits read by plaintiff's attorneys, be filed with the clerk of this Court.

"R. C. Watts,

"August 1, 1905.          Judge of 4th. Circuit."

To this order due notice of intention to appeal was served, and the following exceptions are the grounds of appeal on behalf of the plaintiff:

"1. The Circuit Judge erred in holding that there was no sufficient affidavit to procure the order of publication, this being error.

"(a) Because that was not a ground of the motion, the motion as to that matter being on the ground that there was no such order or affidavit on file with the clerk.

"(b) Because it is a judicial matter for the clerk to determine whether it is proved to his satisfaction whether it is a proper case in which to order publication, and, unless fraud is charged, his decision as to whether the proof is sufficient to warrant the conclusion that the defendants cannot be found in the State with due diligence is final, and no special statement of facts is required by sec. 156 of the Code, it being necessary only to prove the statement to the clerk's satisfaction, and his Honor erred in holding that the affidavit was insufficient, or going into its sufficiency at all, as that was exclusively for the clerk.

"(c) In holding that the affidavit was so defective as to nullify the order of Court based thereon, there being no motion to set aside said order of publication as fraudulently granted.

"2. His Honor erred in dissolving the attachment on the ground that the undertaking was not filed with the approval indorsed thereon within the rules of this Court, in that

"(a) The approval was duly made at the time the bond was filed, and it is error to hold that the clerk, by an oversight, could commit error which could not be remedied by indorsing that which he had done, on the bond *nunc pro tunc.*

"(b) In holding that it is the indorsement of approval rather than the approval that makes the bond sufficient.

"(c) In holding that the rule as to approval 'of the Judge or other officer' refers to undertakings taken by the clerk; whereas, he should have held that where the attachment is issued by the Judge or other officer, and the bond is filed with the clerk, it should have the approval of the officer in-

dorsed thereon, but where the clerk himself issues it, no such indorsement is required.

"(d) He also erred in holding that the failure to have the clerk indorse the bond was fatal to the attachment, when the rule of Court says that if the undertaking is not filed the attachment may be dissolved, but does not make the penalty for omitting the indorsement, the dissolution of the attachment.

"(e) He also erred in holding that the indorsement by the clerk who took the bond, having approved it at the taking, made as soon as his attention was called to the same, was not a compliance with the spirit of the rule and should have sustained the attachment; and in not holding that in the absence of proof of injury from such omission, the defendants could not complain.

"3. The Court erred in holding that a defect in the affidavit for order of publication, if there was such defect, would dissolve the attachment."

We will now consider the exceptions.

It must be remembered that the showing before the Circuit Judge for the order passed by him were the papers themselves, and the affidavits of R. E. Rivers, clerk of Court, W. F. Stevenson, attorney, and John Meehan, as the editor of the *Carolina Citizen*. By the first two affidavits it is clearly made to appear that the attachment was issued upon an affidavit and a verified complaint, both of which were filed in the office of the clerk of Court before the warrant of attachment was issued on the 1st of May, 1905, and it was upon said papers that the warrant of attachment was issued on said date. That thereupon an affidavit was made on the said 1st of May, on which was based an application for an order for service of summons by publication, and upon such affidavit the order for service of summons by publication was made, and the said papers were filed on that date by the clerk of Court and such order for publication is now on file. And that the complaint, the affidavit for attachment and order for publication, the bond for attachment and order

for publication, were all filed with the said clerk of Court on the 1st of May, 1905, but only the complaint, which was on the outside paper enclosing the others, was actually marked "filed" on that day, and the others have since then been marked "filed" by said clerk of Court, having never been out of his office as clerk. The affidavit of Mr. Stevenson, who prepared the papers, substantiates the statement of the clerk in every particular. The affidavit of Mr. Meehan merely states the publication of the order for service upon the defendants by publication. There was no affidavit to deny or modify any of these statements for the plaintiff. The order of the Circuit Judge, appealed from, relates to the failure of the clerk of Court to indorse his approval upon the attachment bond itself, and that no sufficient affidavit appears, as required by sec. 156 of the Code, that the defendants cannot after due diligence be found in the State.

We cannot sustain the order in the last respect, for it was no part of the motion of the defendants, and so much, therefore, of the Judge's order cannot be sustained, but as to the other portions we have been greatly exercised.

In the case of *Townsend* v. *Sparks,* 50 S. C., 380, 384, 27 S. E., 801, Mr. Justice Jones, speaking for this Court, held that the filing of a paper by the clerk of Court is when a paper said to be filed is actually *"delivered to the proper officer and by him,* received *to be kept* on file."

It is true, in the case just cited, that Court held that the paper there in question was not filed in the proper sense of the word, because it was immediately afterwards allowed to be removed from the said clerk's office; but unquestionably in the case at bar every paper referred to was actually on file in the office of the clerk of Court, although each one was not so marked. The word "filed" was placed by the clerk on the complaint in which complaint was enclosed each of the other papers referred to. We hold, therefore, that each one of these papers has received the full benefit of the requirement to be filed.

The greatest trouble is raised by rule 69 of the Circuit Court, which requires that there shall be indorsed on the undertaking or bond of the plaintiff the approval of the clerk or Court, which was required to be indorsed on bond itself. Sec. 156 of the Code only requires that the clerk shall be satisfied, as an officer, that the bond or undertaking in question shall be approved by the clerk of Court. This bond was held by the clerk to be sufficient, as is evidenced by the fact that he acted thereon by his conduct in thereafter issuing the attachment.

We admit that there are reasons at times why the approval should appear by an indorsement upon the bond itself, but it does seem to us that in the case at bar there is no allegation that the bond was insufficient. It was approved by the clerk himself, whose duty it was not to issue a warrant for attachment until a sufficient bond was executed by the plaintiff.

However, we think that the decision of this Court in *Grollman* v. *Lipsitz*, 43 S. C., 329, 21 S. E., 272, is applicable, wherein it is held that rule 66 of the Circuit Court requiring undertakings in attachment to be witnessed was inoperative because a rule of Court cannot impose conditions not required by the statute. So we hold in accordance with the reasoning and decision of the case just cited, that this rule of Court 69 should not be held to go beyond the statute of this State, which nowhere required any such thing to be so indorsed on the bond.

We, therefore, sustain the exceptions of the plaintiff.

It is, therefore, the judgment of this Court, that the order appealed from be reversed and the case remanded to the Circuit Court.