20015

W. Grady JORDAN and J. N. Deierlein, Appellants, v. Charlie C. FOSTER and Isabel W. Foster, Respondents

(215 S. E. (2d) 486)

*Going & Going,* of Columbia, *for Appellants,*

*Messrs. Clarkson, McCants* and *Green,* of Columbia, *for Respondent, Charlie C. Foster,*

*Messrs. Robinson, McFadden, Moore & Pope, for Respondent, Isabel W. Foster.*

*Going & Going, for Appellants,* in Reply.

May 26, 1975.

Lewis, Justice:

This is an action in equity brought by the appellants-purchasers against the respondent-seller for specific performance of a contract to sell a tract of real estate located near the City of Columbia, South Carolina. The basic issue involved the right of the respondent to have the contract or option reformed to correct a scrivener's error in the use of the word "purchaser" instead of "seller" in paragraph 4 of the contract. The factual issues upon which the appeal must be determined were resolved in the lower court against the contentions of appellant by concurrent findings of the master and the circuit judge, and an order entered denying specific performance, from which this appeal is prosecuted.

Our review is controlled by the principle that concurrent factual findings by the master and trial judge will not be disturbed on appeal unless they are without evidentiary support or are against the clear preponderance of the evidence. *Eargle v. Moak,* 257 S. C. 359, 185 S. E. (2d) 894.

The sales contract in question was entered into between respondent and one John C. Gilbert. The agreement was prepared by the attorney for respondent and immediately upon its execution was transferred by Gilbert to appellants, for whom Gilbert had been acting as agent in the transaction.

It appears that the wife of respondent was out of the country when the sales agreement was entered into and he did not wish to enter into a binding

agreement for the sale of the property without his wife's consent to renounce dower. Pursuant to respondent's instructions, his attorney attempted to make the sale subject to the wife's consent and intended to draft paragraph 4 of the contract to accomplish this purpose. The attorney's failure to do so resulted in this controversy. The paragraph, as drafted, reads:

"4. If the Purchaser shall exercise the option herein granted, the Seller shall give a good marketable fee simple title to said property, with dower duly renounced, free of all encumbrances. All taxes, assessments, rents and premiums of unexpired policies of insurance to be prorated to the date of closing the sale, *provided this option shall be null and void if Purchaser cannot obtain dower renunciation by his wife, unless Purchaser and Seller can mutually agree upon provisions for disposing of or waiving same."* (Emphasis added.)

The terms of the sale were: a cash payment of not less than twenty-five (25%) percent, or more than twenty-nine (29%) percent of the purchase price of $281,400.00, the balance thereof to be secured by a purchase money mortgage.

Instead of paragraph 4 of the option providing that the agreement would be null and void if Seller could not obtain dower renunciation by his wife, as respondent intended, the word *purchaser* was inserted for *seller*, through a typographical error, and the option was, as written, conditioned upon the *purchaser* obtaining his wife's renunciation of dower.

Since a purchase money mortgage for the balance was the only instrument which the purchaser was required to execute to complete the sale, the effect of the contract, as written, was to render the agreement null and void if the purchaser could not obtain his wife's renunciation of dower on the purchase money mortgage, which, under South Carolina law, was an unnecessary act. *Groce v. Ponder,* 63 S. C.

162, 41 S. E. 83; *Evans v. Peques,* 102 S. C. 186, 86 S. E. 480.

Immediately upon learning of the proposed sale, respondent's wife refused to renounce dower and appellants were promptly notified of this fact, with a tender of the return of the down payment.

The master and trial judge concluded that the agreement failed to express the intention of the parties, and, in doing so, properly gave great weight to the uncontradicted testimony offered by respondent as to the scrivener's mistake in preparing the contract and the unlikelihood that experienced parties would have conditioned the effectiveness of a real estate sale on the unnecessary act of obtaining a dower renunciation on a purchase money mortgage.

The record clearly sustains the conclusion of the lower court that it was the intention of the parties that the option would become null and void upon the refusal of respondent's wife to renounce dower, and that the failure of the instrument to express such intent resulted from the inadvertent mistake of the draftsman in inserting the word *purchaser* instead of *seller* in paragraph 4. Admittedly, such construction of the contract precluded granting specific performance.

The judgment is accordingly affirmed.

Moss, C. J., and Bussey, Littlejohn and Ness, JJ., concur.