20459

Roger Wayne ELLISON and Deborah Fox Ellison, Respondents, v. Jerome CAMBY and Luann Camby, Appellants.

(236 S. E. (2d) 197)

---

*Messrs. John Bolt Culbertson, and Luther C. Elrod, III,* of Greenville, *for Appellants,*

*Horace C. Smith, of Whiteside, Smith, Taylor and Jones,* Spartanburg, *for Respondents,*

June 28, 1977.

NESS, Justice.

The appellants sought to withdraw their written consent to the adoption of their child. The court held the attempted withdrawal ineffective and that it was in the best interest of the child that the adoption by respondents be granted. We agree.

The record reveals that the child was delivered by the appellants, Jerome and Luann Camby, to the respondents, Roger and Deborah Ellison, on November 9, 1975, and that the Consent to Adopt was voluntarily signed by the appellants on November 11, 1975. Respondents instituted adoption proceedings and a hearing was scheduled for December 2, 1975. On December 1, 1975, Luann Camby notified the attorney for the respondents that she and her husband had changed their minds and wished to withdraw their Consent to Adopt. The court referred the case to the Master in Equity who determined that it would be in the best interest of the child for the adoption to be finalized. The court concurred.

Appellants assert two grounds for appeal:

(1) That appellants were entitled to withdraw their consent because the lower court erred in finding that the Consent to Adopt was properly "filed" within the meaning of S. C. Code Ann. § 10-2587.7 and 10-2587.8, (Cum. Supp. 1975).

(2) That the lower court erred in finding that the interest of the child would best be furthered by the adoption.

Consent forms the basis of adoption, and the traditional view is that consent may be withdrawn or revoked at any time prior to the adoption decree. 138 A.L.R. 1038. However, the more modern trend disallows the revocation of consent voluntarily given particularly where the adoptive parents have taken the child into their home in reliance upon the consent. 156 A.L.R. 1011; *Hendrix v. Hunter,* 99 Ga. App. 785, 110 S. E. (2d) 35 (1959). In *Driggers v. Jolley,* 219 S. C. 31, 64 S. E. (2d) 19 (1951), this Court recognized that the right to revoke consent is not absolute, and noted that the trend is in favor of enforcing consent when voluntarily given and accompanied by reliance on the part of the adoptive parents. The South Carolina statutory adoption scheme leaves the question of withdrawal in the judge's discretion, assuming the Consent to Adopt is on file.

Although the Consent to Adopt was not technically "filed" prior to the requested withdrawal by the appellants on December 1, 1975, it was filed with the judge of the Family Court on December 2, 1975, and was a part of the record when the matter was heard by the Master on April 26, 1976. Moreover, the Consent to Adopt was specifically referred to in the Petition requesting adoption which was duly served on appellants and was filed on November 11, 1975.

Finding the Consent to Adopt to be a part of the record before him, the Master determined that the statutory filing requirements had been sufficiently met, and that the court therefore had discretion pursuant to § 10-2587.8 to accept or reject appellants attempted withdrawal of consent. The Master accordingly found that it would be in the best interest of the child for the adoption to be finalized.

The Master's findings, concurred in by the Family Court, were within the scope of the discretion statutorily granted to him. Whether or not an instrument

has been "filed" is a question of fact. *Townsend v. Sparks,* 50 S. C. 380, 27 S. E. 801 (1897). We will not disturb these findings as they have evidentiary support in the record and are not against the clear preponderance of the evidence. *Jordan v. Foster,* 264 S. C. 382, 215 S. E. (2d) 436 (1975); *Hamby v. Hamby,* 264 S. C. 614, 216 S. E. (2d) 536 (1975).

Appellants' second exception involves the finding of the Master that the best interest of the child would be served by approving the adoption. The record contains evidence which is sufficient to sustain the Master's decision on this issue.

Affirmed.

LITTLEJOHN, RHODES and GREGORY, JJ., concur.

LEWIS, C. J., concurs in result.