0017

William Henry McLAUGHLIN, Petitioner-Respondent, v. Candus Brooke STRICKLAND, a minor under the age of 14 years, Debra Bryant McLaughlin and Charles Ronald Strickland, Respondents, of whom Charles Ronald Strickland is the Appellant.

(309 S. E. (2d) 787)

Court of Appeals

514

*Joseph T. McElveen, Jr.,* of *Bryan, Bahnmuller, King, Goldman & McElveen,* Sumter, *for appellant.*

*William E. DuRant, Jr.,* of *Schwartz & DuRant,* Sumter, *for petitioner-respondent.*

Dec. 5, 1983.

BELL, Judge:

This appeal involves a petition for adoption of a minor child. The natural father, Charles Ronald Strickland, appeals from an order of the Family Court denying his motion for leave to withdraw a purported Consent to Adoption and for leave to file a late answer contesting the petition. We affirm in part and reverse in part and remand.

The minor child, Candus Brooke Strickland, is Charles Strickland's daughter by his previous marriage to the natural mother. The parents were divorced in September, 1978. The mother was granted custody of Candus. Some fifteen months after the divorce, the mother remarried. Six months later her

new husband, William Henry McLaughlin, sought to adopt the child.

Strickland was served with the petition for adoption on May 29, 1980. Upon receiving the petition, he contacted an attorney concerning possible representation in the proceeding, but did not retain him. Thereafter, the mother spoke with Strickland and requested that he consent to the adoption for Candus's sake. The mother told him he could retain his visitation rights with Candus if he consented to the adoption. She did not mention her intention to change the child's surname to "McLaughlin" because she felt "he would disagree with that right from the very beginning."

As a result of the conversation with the mother, Strickland agreed to go to the office of McLaughlin's attorney and sign a consent to the adoption. He did not serve an answer to the petition on or before June 18, 1980. On June 19, 1980, one day after the time for answering the petition expired, Strickland went to the office of McLaughlin's attorney to sign a written consent to the adoption.

The mother told the attorney in advance that Strickland had agreed to execute a consent. When Strickland arrived at the office a document entitled "Consent to Adoption" was already prepared. The attorney gave Strickland an opportunity to read the document. After discussing it briefly with the attorney, he refused to sign it unless a reservation of his visitation rights was added. The attorney realized that Strickland would not sign the document without a statement reserving his visitation rights and instructed a secretary to add the words "I reserve the right to visit with my child at such times as are reasonable." Once these words were added, Strickland signed the document. The document was not filed in court until December 17, 1980.

On June 27, 1980, Strickland, having retained his own attorney, served a Notice, Notice of Motion, Affidavit, and proposed Answer on counsel for McLaughlin. In essence, these papers asked permission to withdraw the signed Consent to Adoption and requested leave to file a late answer and to appear to contest the adoption. After hearing testimony on the Motion and examining the Consent to Adoption, the Family Court denied permission to withdraw the document and refused to permit the late filing of Strickland's

Answer. At this hearing the interest of the minor child was not represented, as no guardian *ad litem* had yet been appointed by the Family Court.[1]

McLaughlin contends that the case is not properly before us because the order denying Strickland's motion was interlocutory and therefore not appealable. Since the order effectively forecloses Strickland from contesting the case on the merits, it affects a substantial right and is appealable. Section 14-3-330, Code of Laws of South Carolina, 1976; *Ayer v. Chassereau*, 18 S. C. 597 (1882).

We first address the denial of Strickland's motion to file a late answer. The granting of such a motion is within the discretion of the trial judge. Ordinarily his ruling will not be disturbed on appeal absent a clear abuse of discretion. Section 15-13-90, Code of Laws of South Carolina, 1976; *McDaniel v. Addison*, 53 S. C. 222, 31 S. E. 226 (1898); *Craps v. Mercury Construction Corporation*, 275 S. C. 546, 273 S. E. (2d) 770 (1981). In order to obtain relief, the moving party must demonstrate that his failure to answer timely was the result of inadvertence, mistake, or surprise amounting to excusable neglect and that he has a meritorious defense to the action. *Worrell v. Satterfield Construction Company, Inc.*, 269 S. C. 532, 238 S. E. (2d) 215 (1977); *Thermal Insulation Company, Inc. v. Town & Campus, Inc.*, 271 S. C. 478, 248 S. E. (2d) 310 (1978).

The trial judge found Strickland had not demonstrated excusable neglect. We see no reason to disturb this finding. Strickland was personally served with the summons and adoption petition. He understood the significance of these papers. He knew he was required to respond to them within twenty days. It is conceded that neither the mother nor McLaughlin induced Strickland to believe he did not have to answer the petition in the time allowed. No extension of time was granted by McLaughlin's attorney. In

---

[1] Section 20-7-1690, Code of Laws of South Carolina, 1976, as amended, makes appointment of a guardian *ad litem* for the child mandatory in an adoption proceeding. The failure of the Family Court to appoint a guardian *ad litem* prior to hearing Strickland's motion was error. The child has a substantial interest in any proceeding that adjudicates the rights of a natural parent to participate in a contested adoption. In view of our disposition of the other issues in this appeal, we need not decide whether Strickland, in the absence of a guardian *ad litem*, can raise the child's rights as a ground for reversal.

these circumstances, no excusable neglect was shown. Given the facts of the case, we decline Strickland's invitation to announce a more liberal rule for relieving a party of failure to answer in an adoption proceeding. But *cf., Holliday v. Holliday*, 235 S. C. 246, 111 S. E. (2d) 205 (1959) (divorce).

The remaining issue is whether the motion to withdraw the Consent to Adoption was properly denied. As a matter of law, adoption terminates all rights of the natural parent over the adopted child. Section 20-7-1770(b), Code of Laws of South Carolina, 1976, as amended; *Cox v. Cox*, 262 S. C. 8, 202 S. E. (2d) 6 (1974). This includes termination of visitation rights. *See, Lowe v. Clayton*, 264 S. C. 75, 212 S. E. (2d) 582 (1975) (dictum). If an adoption is to be based on consent, the consenting natural parent must agree to relinquish all rights to the child. A qualified consent which attempts to reserve rights in the natural parent is not sufficient to constitute the consent to adoption required by law. *In re Adoption of Singer*, 457 Pa. 518, 326 A. (2d) 275 (1974).

In this case, Strickland did not consent to relinquish all parental rights. His clear intention to retain his parental rights to visitation was inconsistent with consent. Therefore, the document he signed was not a valid consent. The trial judge should have so ruled, instead of treating the document as a valid consent by refusing permission to withdraw it.

McLaughlin contends that Code Section 20-7-1720 made withdrawal of the consent document a matter of trial court discretion and that no abuse of discretion has been shown. Section 20-7-1720 prohibits withdrawal of a consent to adoption after it has been filed, except by order of court. Since Strickland did not give his consent in this case, the statute does not apply. Likewise, this case is distinguishable from *Ellison v. Camby*, 269 S. C. 48, 236 S. E. (2d) 197 (1977), in which the Supreme Court recognized the general rule that consent cannot be revoked once the adoptive parents have relied on it. Here a legally sufficient consent was never obtained from the natural parent. Moreover, the prospective adoptive parent did not change his position in reliance on the consent document. Custody of the child was not changed and no proceedings of substance were had before Strickland moved to withdraw the document.

Since Strickland has not consented to the adoption, McLaughlin will have the burden of proving facts which excuse consent of the natural parent when the case is heard on remand. Section 20-7-1730(7), Code of Laws of South Carolina, 1976, as amended; *D'Augustine v. Bush,* 269 S. C. 342, 237 S. E. (2d) 384 (1977); *Goff v. Benedict,* 252 S. C. 83, 165 S. E. (2d) 269 (1969). The Family Court must also determine whether the adoption is in the best interest of the child, having due regard for the circumstances as they now exist. Sections 20-7-1750, 1760, Code of Laws of South Carolina, 1976, as amended. As a defaulting party, Strickland's participation in the proceedings will be limited to cross examination of witnesses and objections to evidence. *See, Howard v. Holiday Inns, Inc.,* 271 S. C. 238, 246 S. E. (2d) 880 (1978). However, nothing in this opinion should be construed as limiting the right of other parties to call Strickland as a witness should they so desire.

For the reasons stated, the order of the Family Court is affirmed as to the denial of Strickland's motion to file a late answer, reversed as to the denial of his motion to withdraw the Consent to Adoption, and remanded for further proceedings consistent with this opinion.

Affirmed in part and reversed in part and remanded.

SANDERS, C. J., and GARDNER, J., concur.