**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Rufus Lyndell Griffin, Appellant,

v.

Thomas Mosley, Quinnie Mosley, Walter Mosley, Timothy Mosley, and Paquita Mosley, Individually and as Personal Representative of the Estate of Ellec Mosley, Respondents.

Appellate Case No. 2019-001428

―――――――――

Appeal From Edgefield County
Alison Renee Lee, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2022-UP-266
Submitted May 1, 2022 – Filed June 15, 2022

―――――――――

**AFFIRMED**

―――――――――

Rufus Lyndell Griffin, of McCormick, pro se.

Thomas Mosley, of Columbia, pro se.

Eydie J. Tillman, of Tillman Law Firm, LLC, of Edgefield, for Respondent Quinnie Mosley.

Randall DeWitt Williams, of The Williams Law Firm, of Edgefield, for Respondents Walter Mosley and Timothy Mosley.

Eleazer R. Carter, of The Carter Law Firm, of Manning, for Respondent Betty Mosley.

Rachael Ashley Dain, of Attorney Dain, LLC, of Columbia, for Respondent Paquita Mosley.

---

**PER CURIAM:** Rufus Lyndell Griffin appeals the circuit court's order dismissing his action against Thomas Mosley, Quinnie Mosley, Walter Mosley, Timothy Mosley, and Paquita Mosley (collectively, Respondents) for the alleged wrongful conversion of estate assets and assets purportedly owned jointly between himself and Ellec Mosley (Decedent).[1]  Griffin argues the circuit court erred by (1) issuing an order with an improper caption; (2) dismissing the case against all Respondents based on the motion of only one respondent, Paquita Mosley; (3) applying an improper legal standard and misconstruing the underlying facts in reaching its decision; (4) failing to find Paquita's motion to dismiss was barred by res judicata; and (5) creating a perception of bias by failing to adhere to statutory standards for circuit courts.  We affirm.

1.  We hold Griffin failed to preserve his argument that the circuit court's order is technically flawed and invalid for appellate review.  Griffin had a remedy available to him in the circuit court, which he failed to pursue.  *See* Rule 60(a), SCRCP ("Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party . . . ."); *id.* ("During the pendency of an appeal, leave to correct the mistake must be obtained from the appellate court."); *Herron v. Century BMW*, 395 S.C. 461, 465, 719 S.E.2d 640, 642 (2011) ("At a minimum, issue preservation requires that an issue be raised to and ruled upon by the trial [court]."); *Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) (stating appellate courts "are not precluded from finding an issue unpreserved even when the parties themselves do not argue error preservation").

---

[1] The Mosley family members are referred to by their first names.

2.  We affirm the circuit court's dismissal of the complaint for lack of subject matter jurisdiction.  On the face of Griffin's amended complaint, we find his claims fall squarely within the exclusive jurisdiction of the probate court.  *See Dove v. Gold Kist, Inc.*, 314 S.C. 235, 237-38, 442 S.E.2d 598, 600 (1994) ("Subject matter jurisdiction is 'the power to hear and determine cases of the general class to which the proceedings in question belong.'" (quoting *Bank of Babylon v. Quirk*, 472 A.2d 21, 22 (1984))); S.C. Code Ann. § 62-1-302(a)(1) (2009) ("[T]he probate court has exclusive original jurisdiction over all subject matter related to . . . estates of decedents, including the contest of wills, construction of wills, determination of property in which the estate of a decedent or a protected person has an interest, and determination of heirs . . . ."); S.C. Code. Ann. § 62-1-201(4), (11) (Supp. 2021) (An "estate" includes "the property of the decedent," and "'claims,' in respect to estates of decedents . . . includes liabilities of the decedent . . . *whether arising in contract, in tort, or otherwise*, and liabilities of the estate which arise at or after the death of the decedent . . . ." (emphasis added)); *see also Est. of Stanley v. Sandiford*, 287 S.C. 148, 151, 337 S.E.2d 248, 250 (Ct. App. 1985) (finding appellant's argument "that the probate court lacked subject matter jurisdiction to determine ownership of [a] disputed account" to be "meritless").  Moreover, Griffin's claims involve Respondents' alleged wrongful conversion of estate and jointly held assets, and he asserts the circuit court erred in finding the probate court had exclusive jurisdiction, in part because the probate court had previously determined the assets at issue were non-probate assets.  However, Griffin failed to include in the record on appeal any pleadings from the probate action; any probate court orders containing a determination of the status of the assets at issue; complete copies of hearing transcripts; at least one relevant motion hearing order; or any documentation to support his assertion that his claims involve only non-probate assets—such as bank records, the deed to the property at issue, or the allegedly invalid power of attorney.  Accordingly, we will not disturb the circuit court's finding that the probate court had exclusive jurisdiction over Griffin's claims.  *See Matter of Est. of Moore*, 435 S.C. 706, 715, 869 S.E.2d 868, 872-73 (Ct. App. 2022) ("The [a]ppellant bears the burden of providing a sufficient record on appeal from which this court can make an intelligent review."); *id.* at 716, 869 S.E.2d at 873 ("Our standard of review is that this court may not disturb the probate or circuit courts' findings of fact unless a review of the record discloses there is no evidence to support them.").

3.  We hold the circuit court properly dismissed the complaint against all Respondents because the dismissal was predicated on the circuit court's lack of subject matter jurisdiction.  *See Dove*, 314 S.C. at 238, 442 S.E.2d at 600 ("A court lacking subject matter jurisdiction . . . has no authority to act . . . ."); *see also* Rule

12(h)(3), SCRCP ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court *shall* dismiss the action." (emphasis added)).

4.  We hold the motion to dismiss was not barred by res judicata, the doctrine of the law of the case, or rule that one judge of the same court cannot overrule another.  *See Plum Creek Dev. Co. v. City of Conway*, 334 S.C. 30, 34, 512 S.E.2d 106, 109 (1999) ("Res judicata bars *subsequent actions* by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties." (emphasis added)); *McLendon v. S.C. Dep't of Highways & Pub. Transp.*, 313 S.C. 525, 526 n.2, 443 S.E.2d 539, 540 n.2 (1994) ("[T]he denial of a motion to dismiss does not establish the law of the case and the issue raised by the motion can be raised again at a later stage of the proceedings."); *Bessinger v. Bi-Lo, Inc.*, 366 S.C. 426, 431, 622 S.E.2d 564, 567 (Ct. App. 2005) (finding trial judge did not err in granting a motion to dismiss previously denied by another judge).

5.  We decline to consider the issue of whether the circuit court violated statutory standards for the filing of documents or maintenance of court records.  *See* S.C. Code Ann. § 14-17-510, -570 (2017) (directing that the clerk of court "shall make a full, fair and correct entry and record of the proceedings of the courts" and "shall not in any case permit either the books or records to be removed from his office").  Griffin again failed to provide a sufficient record from which this court can intelligently review this issue.  While he asserts that he "filed" a brief in opposition to the motion to dismiss by handing it to the clerk during the hearing, the record on appeal contains only three pages of the hearing transcript, none of which reference such an interaction.  *See Moore*, 435 S.C. at 716, 869 S.E.2d at 872-73 (stating that when an appellant fails to provide an adequate record, "[an] issue cannot be considered on appeal"); *see also Townsend v. Sparks*, 50 S.C. 380, 380, 27 S.E. 801, 803 (1897) ("If the paper was not delivered to the clerk as clerk to be filed, and *the clerk as clerk did not receive it to be kept on file*, it was not filed as matter of law." (emphasis added)).

**AFFIRMED.** [2]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.