## LOWRY v. JACKSON.

1. Where plaintiff has improperly made too many parties defendant to his action, a demurrer for defect of parties will not lie. This is good ground of demurrer only when there are too few parties, not when there are too many.
2. In action under the code against heirs-at-law to subject real estate descended to the payment of the ancestor's debt, the administrator of the ancestor is a proper party defendant. If the administrator be not joined, the heirs, it would seem, might require his presence to have an accounting of the personalty, which is primarily liable for the payment of debts.
3. In such an action the complaint need not allege any agreement, obligation, &c., by the heirs to pay the debt, for their liability is only the obligation imposed upon them by law to discharge the debts of their ancestor to the extent of the real estate which has descended to them charged with the payment of his debts.
4. A joint demurrer, not good as to all who take it, must fail even though it would have been good as to one of them if interposed by him alone.
5. Where an action against a married woman does not concern her separate property, her husband is a necessary party; where it does concern her separate property, he is a proper party.
6. On overruling a demurrer to a complaint, the judge may, in his discretion, require the payment by defendant of all costs to date, as a condition precedent to leave to answer.

Before WALLACE, J., Chesterfield, February, 1887.

This action was commenced in December, 1879. The opinion states the case.

*Messrs. Prince & Rankin,* for appellants.

*Messrs. Hough & Kennedy,* contra.

October 6, 1887. The opinion of the court was delivered by

MR. JUSTICE MCIVER. Inasmuch as the questions presented by this appeal arise under a demurrer, a brief statement of the pleadings becomes necessary. The allegations of the complaint are substantially as follows: 1st. That said Alexander May made his note under seal to said Alfred M. Lowry, dated 29th of December, 1859, and payable one day after date, for the sum of forty-eight 91-100 dollars. 2nd. That Alexander May died intestate sometime in the year 1860, seized and possessed of certain real estate, and that letters of administration upon his estate were duly committed to the defendant, Jackson. 3rd. That there was a judgment for a large sum of money against said Alexander May, remaining unpaid at the time of his death, and that, owing to the destruction of the records in March, 1865, it has long since been impossible to ascertain what amount of assets went into the hands of said Jackson, as administrator as aforesaid, although in response to repeated demands, made by said Alfred M. Lowry in his life-time, upon said Jackson for payment of said note, the said Jackson always declared that the aforesaid judgment was more than sufficient to exhaust all the personal assets of the estate of said Alexander May. 4th. That judgments for large amounts have been recovered against said Jackson individually, which are still unpaid, and his property liable to execution is wholly insufficient for the payment thereof, and that the said Jackson is believed to be wholly insolvent. 5th. That said Alexander May left surviving him, as his heirs at law, his widow Susannah, and his two children, Peter and the defendant, Mary, who has since intermarried with the defendant, David T. Redfearn. 6th. That sometime in the year 1861, the said Peter May died intestate, leaving as his sole heirs at law, his mother, Susannah, and his sister, the defendant, Mary, and that the said Susannah died intestate in 1875, leaving as her sole heir at law the defendant, Mary, and administration of her personal estate has been duly committed to the defendant, Mulloy. 7th. That the land of which the said Alexander May died seized consisted of two tracts—one in the State of North Carolina, and the other in South Carolina, Chesterfield County, of which a particular description is given, and that the South Carolina tract largely

exceeds in value the amount now due on the said note, and that there never has been any partition of the same. 8th. That after the death of said Alexander May his above named heirs at law held and occupied the said land as tenants in common until the death of Peter, when the same was held in common by the said Susannah and the defendant, Mary, with her husband, until the death of said Susannah, since which time it has been in the possession of the defendants, Mary Redfearn and David T. Redfearn. 9th. That Alfred M. Lowry died intestate in 1877, and administration of his personal estate has been duly committed to the plaintiff. 10th. That no part of the said note has been paid. 11th. That the judgment obtained against Alexander May in his life-time, hereinbefore mentioned, has been paid by lapse of time, if not otherwise, and, so far as known to plaintiff, there is now no other debt due by the estate of Alexander May remaining unpaid, except the note hereinbefore mentioned. Wherefore the plaintiff demanded judgment against the said Mary H. Redfearn and her husband, David T. Redfearn, for the amount due on said note, on account of the real estate descended to the said Mary and now in the possession of herself and husband. 2nd. That said tract of land be sold and the proceeds thereof be applied to such judgment, and the costs of these proceedings. 3rd. For general relief.

To this complaint the defendants, Jackson, as administrator as aforesaid, and Redfearn and wife, filed a joint demurrer, upon the following grounds: 1st. Because there is a defect of parties defendant, in that Redfearn and wife are in no way liable on the note sued upon. 2nd. That "several causes of action have been improperly united, in that plaintiff brings her action to recover against the defendant, Stephen Jackson, as administrator, on a note alleged to have been executed to her intestate by the intestate of said Jackson, and in the same action seeks to recover against the defendants, Mary H. Redfearn and David T. Redfearn, the amount of the said note, on the ground that they are in possession of lands of the estate of the intestate of said Jackson—the last cause of action being one which does not arise out of the same transaction as that against the defendant, Jackson, as administrator as aforesaid, nor out of transactions connected

with the same subject of action, and being none of those which by law may be united in the same complaint therewith." 3rd. Because "the complaint does not state facts sufficient to constitute a cause of action against these defendants, Mary H. Redfearn and David T. Redfearn, in that there is no allegation of any promise, undertaking, contract, agreement, obligation, or liability, express or implied, in law or in equity, to pay the amount of the note sued upon."

The Circuit Judge overruled the demurrer, with leave to the defendants to answer within twenty days upon the payment of the costs which had accrued up to that time, and the defendants appealed substantially upon the grounds set out in the demurrer, as well as upon the additional grounds, that David T. Redfearn was in no view of the case a proper party, and that the judge erred in attaching, as a condition precedent of the leave to answer, the requirement that defendants should pay the costs.

It is clear that the first ground of demurrer—for *defect* of parties defendant—cannot be sustained, even if it be conceded that the two Redfearns were not proper parties. *Defect* of parties, as the word imports, means too *few* and not too *many*. Hence, as is said in Pomeroy on Remedies, section 206: "A demurrer alleging this particular objection can only be interposed, therefore, in case of a *non*-joinder of necessary parties plaintiffs or defendants, and never in case of a *mis*-joinder. The word 'defect' is taken in its literal sense of 'deficiency,' and not in a broader sense as meaning *any* error in the selection of parties. Upon this point the courts are nearly unanimous." In fact, as it appears from the note (3) to section 287, this construction is now universal, as the case in Wisconsin which held the contrary has since been overruled, and the court in that State is now in harmony with all the other States.

As to the second ground of demurrer, it seems to us to be based upon a misconception of the complaint. For it does not there appear that the plaintiff claims to have any cause of action against Jackson as administrator, nor is any judgment against him demanded. It is true that some of the facts stated in the complaint would constitute a cause of action against the administrator, but it is manifest that those facts are stated, not for the

21

purpose of furnishing a basis for a cause of action against the administrator, but for the purpose of showing that the plaintiff has a cause of action against Mary H. Redfearn and David T. Redfearn, by reason of the fact that the land of the deceased debtor has descended to the said Mary as his heir, and that she, with her husband, is now in possession of the same; and the fact that there may be allegations in the complaint not necessary to support such a cause of action, does not render it amenable to the objection that two causes of action have been improperly united. So that the real ground of objection is that Jackson as administrator has been improperly made a party to a case in which a cause of action against the Redfearns is sought to be enforced. Now, even if it should be conceded that the administrator was improperly made a party, that would not afford a ground for demurrer, as we have seen in considering the first ground, for that would be an objection on account of *excess* and not for *defect* of parties; and as the only question presented by the appeal is, whether the demurrer was properly overruled, this view would be sufficient to dispose of it.

But we do not desire to be regarded as conceding that the administrator was not a proper party. It is true that, under the former system of pleading, the administrator was not a proper party to an *action at law* against the heir, for the debt of the ancestor, on account of real estate descended; but it was otherwise in a *proceeding in equity*, where the administrator was not only a proper, but a necessary party. *Story Eq. Pl.*, §§ 173, 176, 180; *Vernon* v. *Valk*, 2 *Hill Ch.*, 257; *Goodhue* v. *Barnwell, Rice Ch.*, 239, recognized in *Mobley* v. *Cureton*, 2 *S. C.*, 148. Now since the code has substituted a totally different system of pleading, and abolished the distinction between actions at law and proceedings in equity, whereby a defendant may plead equitable as well as legal defences to the same action, we do not see why the administrator may not be regarded at least as a proper party to an action against the heir, for the debt of the ancestor, on account of real estate descended; or why the heir, when sued alone in such an action, may not require that the administrator shall be made a party (*Cleveland* v. *Mills*, 9 *S. C.*, 436), in order to prevent circuity of action by furnishing the heir with

an opportunity of requiring from the administrator, if he desires it, an account of the assets primarily appropriated to the payment of debts.

The third ground of demurrer cannot be sustained. In an action against the heir for the debt of the ancestor, on account of real estate descended, there is no necessity for any "allegation of any promise, undertaking, contract, agreement, obligation, or liability, express or implied," on the part of the heir to pay the debt. The obligation to do so does not arise from any promise or undertaking either express or implied on the part of the heir to pay the debt, but upon the ground that he is in possession, as heir, of certain property liable for the payment of the debt. This conclusively appears from the fact that his liability only extends to the value of the property descended, even though it may be much less than *the amount of the debt;* whereas if his liability arose from any promise or undertaking *to pay the debt,* it would extend to the whole amount of the debt, regardless of the value of the property which he took by descent. As to the absence of any allegation of any "obligation or liability" on the part of the Redfearns to pay the debt, it is obvious that such an allegation would be a mere legal conclusion from the facts stated, and, therefore, not only unnecessary, but improper, as the well settled rule is that *facts,* and not *legal conclusions,* must be stated in pleadings under the code.

As to the ground taken by appellant that the demurrer should have been sustained as to David T. Redfearn because he was in no view of the case a proper party, it would be sufficient to say that the demurrer being joint, it must fail as to all, even though it might be good if interposed by one, unless it can be sustained as to all who join in the demurrer. *Pomeroy on Remedies,* section 291. But in addition to this, it seems from section 135 of the Code that David T. Redfearn was a proper party. That section provides: "When a married woman is a party, her husband must be joined with her, except that, when the action concerns her separate property, she may sue or be sued alone," though neither the husband nor his property can be made liable for any recovery against her in such a suit. Now, conceding that the action here does concern the separate property of the

wife, though that fact is not stated in the complaint, it does not follow that the husband was an improper party, for the language of the statute, when laying down the general rule, is imperative—"*must* be joined," but in stating the exceptions it is merely permissive—"*may* sue or be sued alone," which, of course, implies that the husband *may* be joined with her even in actions concerning her separate property.

The only remaining inquiry is whether there was any error on the part of the Circuit Judge in requiring as a condition precedent, for the leave to answer over, the payment of the costs accrued up to that time. Section 193 of the Code provides: "After the decision of a demurrer, the court shall, unless it appear that the demurrer was interposed in bad faith, or for purposes of delay, allow the party to plead over upon such terms as may be just." Who shall determine what terms are just, the statute does not declare; but inasmuch as that is a question of fact, it would seem to be determinable alone by the Circuit Judge, as a matter addressed to his discretion; and such has been the view heretofore taken by this court in *Railroad Company* v. *White*, 14 *S. C.*, 52, where the point now raised was decided adversely to the view contended for by appellant, and the same principle was subsequently acted upon in the case of *Cureton* v. *Stokes*, 20 *S. C.*, 582, and in a case between the same parties in 22 *S. C.*, 583.

The judgment of this court is, that the order overruling the demurrer be affirmed, with leave to the defendants to answer within twenty days after written notice to their attorneys of this decision, upon payment of the costs, which had accrued up to the date of said order, to be taxed by the clerk of the Court of Common Pleas for Chesterfield County.