14094

WALDROP v. M. & J. FINANCE CORP. *ET AL.*

(180 S. E., 555)

*Messrs. C. Yates Brown* and *Horace L. Bomar,* for appellants,

*Messrs. Hannon & Lancaster* for respondent.

June 14, 1935.

The opinion of the Court was delivered by Mr. Chief Justice Stabler.

It is alleged in this action that one of the defendants, the M. & J. Finance Corporation, "seized, conveyed, and took away a certain V-8 Ford automobile upon which the plaintiff held a lien and wilfully, fraudulently, unlawfully, recklessly and knowingly coverted said automobile" to its own use, "carrying same out of the jurisdiction of the Court and thereby defeating the plaintiff's lien in the sum of three hundred ($300.00) dollars." It appears that this defendant is a foreign corporation, and while it lends money in Spartanburg County on used and secondhand cars, it has no authorized agent or place of business, so far as can be ascertained, in that County or in the State. Hence, "on bringing this action, the plaintiff attached certain chattel mortgage contracts" which had been executed in favor of the corporation by its codefendants, and which appeared of record in the register's office. Judgment for damages, both actual and punitive, was asked for against this defendant in the sum of $2,500.00.

The other defendants, twenty-seven in number, are citizens of Spartanburg County; and the plaintiff alleges that they (par. 2) "are indebted to their co-defendant, the M. & J. Finance Corporation, in various amounts as shown by the records kept on file in the office of the R. M. C. for Spartanburg County and due in monthly installments as shown by the records in said office"; that they (par. 3) "are making monthly installment payments direct to the defendant corporation or its agents on the deferred payment plan"; that they (par. 6) "are made parties to this suit in order that they may have notice of this action and in order that the plaintiff may ask the Court to direct payments of the co-defendants who are indebted to the M. & J. Finance Corporation into the hands of the Clerk of this Court so the same may be subject to the orders thereof"; and that the plaintiff (par. 7) "will ask the Court to issue its order di-

recting the debtors to thus make their payments as they come due." Judgment was demanded as to these defendants: (1) That they be enjoined from making their deferred payments to the defendant corporation or its agents or servants; and (2) that they be required to make such payments to the Clerk of this Court.

A motion was duly made to strike from the complaint, as irrelevant and immaterial, the allegations of the paragraphs above numbered. All of the defendants, except the defendant corporation, also demurred to the complaint, "upon the ground that it does not state facts sufficient to constitute a cause of action as to them."

The matter was heard by the county Judge, who refused the motion to strike for the reason, as stated by him, "that the allegations contained in the complaint were necessary in order that the warrant of attachment might have its force and effect." He also overruled the demurrer upon the authority of *Lowry v. Jackson*, 27 S. C., 318, 3 S. E., 473, quoting a holding of the Court in that case as stated in the first syllabus: "Where plaintiff has improperly made too many parties defendant to his action, a demurrer for defect of parties will not lie. This is good ground of demurrer only when there are too few parties, not when there are too many."

The order of the County Court, appealed from, cannot be sustained. The Code provides that a complaint shall contain "a plain and concise statement of the facts constituting a cause of action" (Section 456, Subd. 2); and that "if irrelevant or redundant matter be inserted in a pleading, it may be stricken out, on motion of any person aggrieved thereby" (Section 478). In *Alexander v. DuBose*, 73 S. C., 21, 52 S. E., 786, it is stated that "an allegation is irrelevant when it has no substantial relation to the controversy." See also, *Nichols v. Briggs*, 18 S. C., 473.

It is clear, from a reading of the complaint, that the motion to strike should have been granted. No cause of action is stated as to any of the defendants except

the defendant corporation, which is one for the conversion of an automobile upon which plaintiff had a lien; and the allegations that the other defendants are indebted to the corporation and are making monthly payments to it, that it is desired to have the Clerk of the Court receive such payments for plaintiff's benefit, and that these defendants are made parties to the suit in order to accomplish such purpose are clearly irrelevant and have no place in the complaint.

The demurrer also should have been sustained. There is no allegation in the complaint that the defendants, other than the defendant corporation, are under obligation to the plaintiff in any respect, or are indebted to him in any manner, or have done him any wrong whatsoever. No cause of action, therefore, is stated as to the demurring defendants. The County Judge, in reaching his conclusion, misapplied the case of *Lowry v. Jackson, supra.* A reading of that decision discloses that a demurrer was there interposed on several grounds—defect of parties, that several causes of action were improperly united, and that the complaint did not state facts sufficient to constitute a cause of action as to certain defendants. The Circuit Judge overruled all grounds and the Supreme Court sustained him on appeal, passing upon each contention separately. The demurrer in the case at bar, as the record discloses, was interposed upon one ground only, namely, that the complaint did not state facts sufficient to constitute a cause of action as to the defendants, other than the defendant corporation; the question, therefore, of defect of parties was not before the Court.

This is a most unusual case. We have here twenty-seven citizens of Spartanburg County brought into Court for the reason, as alleged by the plaintiff, that they are debtors of a foreign corporation, their co-defendant, and that their presence is needed in order that he may obtain full redress for a wrong done him by such corporation. They object, and it is clear that they are entitled, as a matter of law, to the relief asked for.

The order appealed from is reversed.

MESSRS. JUSTICES CARTER, BONHAM, BAKER, and FISHBURNE, concur.