17558

Zach McGHEE, Respondent, v. ONE CHEVROLET SEDAN, BEARING FLORIDA LICENSE NO. 16-1574 YEAR 1958, Appellant

(109 S. E. (2d) 713)

*Ryan L. Scott, Esq.*, of Columbia, *for Appellant,*

*Zach McGhee, Esq.*, of Columbia, *for Respondent,*

July 21, 1959.

TAYLOR, Justice.

Action in this case was commenced in the Richland County Court on July 2, 1958, by respondent through service of a summons and a writ of attachment on the appellant, a 1956 Chevrolet automobile, as a result of a collision on July 1, 1958, in the City of Columbia, between the 1951 Chevrolet automobile owned by respondent and the appellant 1956 Chevrolet automobile. The owner of the appellant automobile was not operating appellant automobile at the time of the accident.

A summons served on appellant automobile contained a notice that the complaint would be thereafter filed in the Office of the Clerk of Court for Richland County and no summons or complaint was served on the owner thereof.

On or shortly after the defendant automobile was attached on July 2, 1958, an adjuster for Southern Farm Bureau Casualty Insurance Company, upon investigation, learned

that the defendant automobile had been attached. This adjuster left his work for a vacation trip before his investigation was completed and was away for approximately nine days but returned before the twenty day period after service of the summons had expired. Several conversations took place between Mr. Charles Stewart, the State Claims Manager of Southern Farm Bureau Casualty Insurance Company, and plaintiff-respondent with respect to the accident.

On the 19th day after the service of the summons and writ of attachment on appellant automobile, Mr. Ryan L. Scott, attorney for appellant, telephoned respondent's attorney at his home at about 5:30 in the afternoon and advised him that he had just been employed to represent the appellant automobile in the pending action and made inquiry as to the status of the proceedings. In reply to such inquiry, respondent's attorney stated that he did not know how much time remained before appellant would be in default; that the complaint had neither been served on the appellant automobile nor had it been filed in the Office of the Clerk of Court.

Two days thereafter, on the 21st day after the service of the summons and writ of attachment, the complaint not having been served or filed with the Clerk of Court, appellant's attorney delivered a written notice of appearance together with demand for copy of the complaint to the office of the respondent's attorney who refused to accept service thereon, stating that appellant was in default. Appellant's attorney then caused the written notice of appearance and demand for copy of the complaint to be served on respondent's attorney by a third party.

Appellant's attorney promptly moved before the Senior Judge of the Richland County Court for an Order permitting appellant to file answer to the complaint, which by this time had been filed with the Clerk. At the same time, respondent's attorney gave notice of motion that appellant be adjudged in default. Both motions were heard together. The Trial Judge, in his Order dated August 23, 1958, refused appellant's motion and granted respondent's motion adjudg-

ing defendant-appellant in default. Respondent's attorney then moved for an Order authorizing and directing the sale of the appellant automobile. This motion was opposed by appellant. In his Order dated September 4, 1958, the Trial Judge awarded respondent judgment against the appellant automobile in the sum of $1,000.00 actual damages an authorized and directed the Sheriff of Richland County to sell said automobile at public auction.

Pursuant thereto, the appellant automobile was advertised for sale for a period of 10 days and sold to respondent for the sum of $6.00. At the sale and before the call for bids, the Sheriff, by request, announced that after the sale the appellant automobile would be immediately attached again. Appellant's attorney was present at the sale but made no bid. Immediately after the sale, appellant automobile was then attached by respondent's son in another action arising out of the same collision as is involved in this appeal.

Appellant's attorney then moved before the Honorable Legare Bates, for an Order setting aside the sale of the appellant 1956 Chevrolet automobile on the grounds of insufficient consideration and irregularities at the sale. This motion was refused by Order dated September 19, 1958, confirming the sale and authorizing the Sheriff to deliver the appellant automobile to respondent.

Appellant's attorney then moved before the Honorable Legare Bates, for an Order setting aside the sale of the appellant automobile and requiring respondent to post sufficient security with the Court for the damages appellant would suffer in the event of a successful appeal to the Supreme Court. This motion was also refused; and defendant automobile remained under attachment from July 2, 1958, until sold at auction on September 16, 1958.

It is apparent that counsel for appellant immediately upon being employed telephoned counsel for respondent at his home at 5:30 P. M., on what he later learned was the 19th day after service of the summons, and informed counsel that he had been employed to represent the

appellant car; that he made inquiry as to the amount of time left in which to file answer and was informed by counsel for respondent that he did not know; that the complaint at that time had not been served or filed with the Clerk of Court. In the petition and affidavits submitted to support appellant's motion that it be permitted to file answer, it appears that appellant automobile was reported stolen from its owner in the State of Florida and that the owner of said automobile had no knowledge that it had been attached until five or six days thereafter; that said owner was never served or had any official notice that an action was pending against said car; that at the time the written notice of appearance and demand for copy of the complaint were served on respondent's attorney, it was the 21st day after the leaving of the summons with the said automobile. It is further set forth therein that appellant has a meritorious defense.

Appellant's attorney, who had been employed prior to expiration of the twenty day period after service, was endeavoring diligently and in good faith to serve the interest of his client. When he made inquiry of counsel as to how much time remained in which to answer, it should have been made clear to him that only one more day remained, and he should have been fully apprised of the attendant circumstances.

Section 10-609, Code of Laws of South Carolina 1952, provides:

"The court may, in its discretion and upon such terms as may be just, allow an answer or reply to be made or other act to be done after the time limited by this Code or by an order enlarge such time."

In furtherance of justice, the foregoing Act should be given a liberal construction. *Ex parte Union Manufacturing & Power Co.,* 81 S. C. 265, 62 S. E. 259; *Detroit Fidelity & Surety Co. v. Foster,* 170 S. C. 121, 169 S. E. 871. There is no hard and fast rule to guide the Court in the exercise of its discretion in such cases; therefore, each case must be considered in the light of its own attendant circumstances, *Bishop v. Jacobs,* 108 S. C. 49, 93 S. E. 243;

and the ruling of the Trial Judge in such matters will not be disturbed by this Court unless there is a clear showing of abuse of discretion. *Washington v. Hesse,* 56 S. C. 28, 33 S. E. 787; *Duncan v. Duncan,* 93 S. C. 487, 76 S. E. 1099; *Parks v. McDaniel,* 75 S. C. 7, 54 S. E. 801; *Ex parte Carolina National Bank,* 56 S. C. 12, 33 S. E. 781; *Lowry v. Jackson,* 27 S. C. 318, 3 S. E. 473; *Odom v. Burch,* 52 S. C. 305, 29 S. E. 726; *McSween v. Windham,* 77 S. C. 223, 57 S. E. 847; *Buttz v. Campbell,* 15 S. C. 614; *McMahon v. Pugh,* 62 S. C. 506, 40 S. E. 961; *Johnston v. Standard Oil Co.,* 155 S. C. 179, 152 S. E. 176. However, when a party makes a showing of mistake, inadvertence, surprise, or excusable neglect and applies promptly for relief after notice and makes a *prima facie* showing of a meritorious defense, answer should be permitted to be filed. *Jenkins v. Jones,* 208 S. C. 421, 38 S. E. (2d) 255.

In *Morgan v. State Farm Mutual Insurance Co.,* 229 S. C. 44, 91 S. E. (2d) 723, the motion, as here, was made prior to the entering of judgment; and this Court affirmed the findings of the Hearing Judge that excusable neglect had not been shown in that counsel had not been employed prior to the expiration of the time permitted in which to file answer because of mistake in computing time. In instant case, the owner of the appellant car had never been officially notified of the attachment; however, counsel was employed before expiration of time in which to answer and made inquiry as to what the circumstances were for the purpose of filing answer. He should have been fully advised at that time with respect thereto and no room left for a misunderstanding.

We are of opinion that under the circumstances, the refusal of appellant's motion that it be permitted to file answer was an abuse of discretion requiring reversal, that all Orders should be reversed, the case remanded, with appellant being granted ten days after remittitur is filed in which to file answer or otherwise plead; and it is so ordered.

Stukes, C. J., and Oxner, Legge and Moss, JJ., concur.