18368

RAINWATER FURNITURE COMPANY, Respondent, v.
Don BLANTON, Appellant

(143 S. E. (2d) 124)

*Eugene Huggins, Esq.,* of Bennettsville, *for Appellant,*

*Charles G. Vaughan, Jr., Esq.,* of Bennettsville, *for Respondent,*

June 29, 1965.

BRAILSFORD, Justice.

This action for the possession of personal property was commenced in magistrate's court by the service of a summons and affidavit. We learn from the statement of the case that "the two parties appeared before the Magistrate and drew a jury to try the case." After the jury had been selected, the defendant moved for a dismissal of the action because of a defect in the summons. This motion was granted. On appeal to the circuit court the order of the magistrate was reversed and the case remanded for further proceedings. The court held that "when the defendant appeared generally and without reservation of right to object to the failure of jurisdiction by reason of the return date in the summons he waived this objection." The defendant has appealed to this Court from the order of the circuit court.

The appeal is clearly without merit. The only aspect of a court's jurisdiction which can be questioned because of a defect in a summons is that of jurisdiction of the person. By making a general appearance in an action, a defendant waives any objection to jurisdiction of the person. Such an appearance is equivalent to effective service of process. It is well settled that any appearance in court for a purpose other than that of objecting to the jurisdiction of the court is a general appearance. 5 Am. Jur., Appearance, Section 5; 6 C. J. S., Appearances, § 1c (2). Any manifestation of an intent to be in court is sufficient. *Stephens v. Ringling,* 102 S. C. 333, 342, 86 S. E. 683, 685. The statement of the case shows that the defendant appeared before the magistrate and invoked the court's jurisdiction. This was a general appearance.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.