20932

The STATE, Respondent, v. Robert Stanley CABINESS, Appellant.

(254 S. E. (2d) 291)

*George W. Speedy,* of *Furman & Speedy,* Camden, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Staff Atty. Buford S. Mabry,* Columbia, and *Sol. William R. Hare,* Chester, *for respondent.*

April 11, 1979.

*Per Curiam:*

Appellant was convicted of distribution of marijuana and was sentenced to five (5) years imprisonment.

Prior to trial, appellant moved for the disqualification of the trial judge on the basis that he had appeared before him on at least three previous occasions and was sentenced by him on one of them. When appellant made his motion, the

trial judge noted that defendants frequently appeared before him after previous appearances in his court. In denying the motion, he stated that he would not be prejudiced against appellant and that he would do his utmost to give him a fair trial as he did for all other defendants. Later, when he was sentencing appellant, the trial judge noted that he never would have remembered sentencing him previously had appellant not mentioned it.

Almost all cases considering the question are authority for the general rule that a judge is not disqualified in a criminal action because of an adverse decision in a former case involving entirely different and unrelated criminal charges against the same party. 21 A. L. R. 3d 1369, 1371 Section 2. See cases annotated under 21 A. L. R. 2d 1369, 1375 Section 4(c). We hold that where, as here, a trial judge has sentenced a defendant in a previous criminal proceeding, that fact alone does not necessarily establish cause to disqualify him in a subsequent, unrelated criminal proceeding. See *People v. Campbell,* 28 Ill. App. 3d 480, 328 N. E. (2d) 608 (1975).

In considering whether the circumstances presented here required disqualification, the following portion of Canon 3(C)(1) of the Code of Judicial Conduct, Rule 33 of the Rules of Practice of this Court is relevant:

A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where . . . (a) he has personal bias or prejudice concerning a party . . .

Here, the record indicates nothing about the previous proceedings which would have affected the trial judge's impartiality. In this case, appellant did not demonstrate and the record does not show that the trial judge had any bias or prejudice toward appellant which would have justified his disqualifying himself.

Although appellant contends that the trial judge should have conducted further inquiry into his allegations, the trial judge appears to have given adequate consideration to the motion under the circumstances. We see no error in his decision.

After a full consideration of the remaining issue raised by appellant, we are of the opinion that no error of law appears and that this issue is governed by well settled principles of law. Accordingly, it is dismissed under Rule 23 of the Rules of Practice of this Court.

Affirmed.