## 21207

Draxel P. STRICKLAND, Respondent, v. CONSOLIDATED EN-
ERGY PRODUCTS COMPANY, a Division of CONDEC Cor-
poration; CONDEC Corporation; State Street Boston Leasing Co.,
Inc.; and Coastal Farm Equipment Co., Inc. (incorrectly named as
Coastal Tractor Company, Inc., in the Complaint), Defendants, of
whom Consolidated Energy Products Company, a Division of
CONDEC Corporation; and CONDEC Corporation are Appellants.

(265 S. E. (2d) 682)

*Willcox, Hardee, O'Farrell, McLeod, Buyck & Baker,* Florence, and *Blatt, Fales, Bedingfield, Loadholt, Poole, Motley & Richardson,* Barnwell, *for appellants.*

*Stevens, Stevens & Thomas,* Loris, *for respondent.*

April 28, 1980.

LEWIS, Justice:

This is a products liability suit instituted by respondent against the appellants Condec Corporation and Consolidated Energy Products Company, and two other defendants, through the service of a summons and complaint. The issues in this appeal arise out of the alleged failure of appellants to timely plead. None of the other defendants are charged with default.

Appellants did not timely plead to the complaint and, upon the refusal of respondent to accept an answer after the expiration of the time for answering, appellants, by motion, (1) challenged the jurisdiction of the court because of alleged defective service of the summons and complaint; and (2) sought, under Section 15-13-90, Code of Laws of South Carolina 1976, to be allowed to file an answer, asserting that the failure to timely plead was due to inadvertence, mistake, or excusable neglect. The motion was denied by the lower court and an order of default was entered against appellants.

The trial judge refused to set aside service of the summons and complaint, holding that any defect or irregularity in the service of process was waived by appellants' general appearance. We agree.

A general appearance constitutes a voluntary submission to the jurisdiction of the court and waives any defects and irregularities in the service of process. We stated in *Connell v. Connell,* 249 S. C. 162, 153 S. E. (2d) 396, that if a defendant, by his appearance, "asks any relief which can only be granted on the hypothesis that the court has jurisdiction of his person, then he has made a general appearance."

It is undisputed that appellants did not make a special appearance, but appeared requesting to be allowed to file a late answer upon the grounds that they had a meritorious defense and failed to timely answer through mistake, inadvertence, surprise or excusable neglect. This relief could only be sought upon the basis of an admission that the court had personal jurisdiction. The appearance by appellants for this purpose amounted to a general appearance and, consequently, a waiver of any claimed defects in the service of the summons and complaint.

Appellants further contend that the trial judge erred in denying their motion to be allowed to file a late answer. The motion was made pursuant to Code Section 15-13-90 on the ground that appellants' failure to timely plead was due to mistake, inadvertence, or excusable neglect. The evidence, in our opinion, conclusively establishes excusable neglect and the motion should have been granted.

Appellant Consolidated Energy Products Company is a division of Appellant Condec Corporation, and both were served with process through their registered agent for service in the State of North Carolina. Service was made both by mail and personal delivery of the pleadings. Service by mail was effected on one of the appellants on February 8, 1978 and the other on February 9. Personal service was made on one on February 13, 1978 and on the other on February 20.

No issue is made as to the date from which time is to be calculated for the purpose of determining default. It is apparently conceded that answer was not timely served, whether figured from the date of service by mail or the date of personal service. Appellants, conceding notice of the summons and complaint, contend that they contacted respondent's counsel within the twenty day period for answering and requested an extension of time under circumstances which excuse failure to timely serve the answer. We agree.

After service on appellants, the pleadings were sent to their House Counsel, Mr. McGovern. Since insurance carriers were involved, it became necessary to notify them and obtain their consent concerning the selection and retention of counsel in South Carolina to handle the matter. In order to avoid default, Mr. McGovern called counsel for respondent, a few days before the time for answering had expired, and asked for an extension of time to answer or otherwise plead. The request was made to Mr. Stevens, Sr. of the firm of Stevens, Stevens, and Thomas, who represent respondent. Mr. Stevens, Sr., advised Mr. McGovern that the case was being handled by Mr. Stevens, Jr., and that, if he wanted an extension of time, he should talk with him. Subsequently, Mr. Stevens, Sr., informed Mr. Stevens, Jr., of the call from Mr. McGovern and its purpose. The affidavits show that attempts were made by each of the attorneys to reach the other by phone with reference to the requested extension without success. Since no reply had been received to the request for an extension, Mr. McGovern wrote to Mr. Stevens, Jr., on February 28, 1978, requesting an extension. All of the foregoing transpired during the twenty day period allowed for answering the complaint. The letter of February 28, however, was stamped by the office of Stevens, Stevens, and Thomas as received by them on March 6, 1978.

The record shows that the pleadings were placed in the hands of appellants' attorney prior to the expiration of the time allowed to answer and that the attorney, concluding additional time was needed, promptly communicated a request to respondent's counsel for an extension of time. In view of the serious legal consequences of a default, attorneys know the importance of a request from opposing counsel for an extension of time. · The conclusion is inescapable that appellants' counsel was endeavoring diligently and in good faith to serve the interest of his client. When the request for an extension of time was communicated to respondent's counsel, the importance of a prompt reply to the request should have become clear to them. The prompt denial of the

request would have afforded the opportunity to apply to the court for the relief sought. When appellants' counsel called and asked for an extension of time, he should have been promptly advised as to whether the extension would be granted.

The delay of respondent's counsel in acting upon the request for an extension of time was sufficient, under the present facts, to mislead appellants' counsel and render his neglect to answer the complaint excusable. The refusal of appellants' motion to be permitted to file an answer constituted an abuse of discretion requiring reversal. *McGhee v. One Chevrolet Sedan,* 235 S. C. 37, 109 S. E. (2d) 713.

In order to prevail in a motion under Section 15-13-90, the movant must, in addition to showing excusable neglect, also establish that he has a meritorious defense. No issue is raised in the appeal that appellants failed to show a meritorious defense to the action. The failure to raise the question eliminates any requirement that we consider it.

Reversal of the denial of appellants' motion renders it unnecessary to consider any other questions argued.

The order under appeal is reversed and the cause remanded, with leave to appellants to answer the complaint within ten days after remittitur is filed.

LITTLEJOHN, NESS and GREGORY, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.