21218

INTEGON LIFE INSURANCE CORPORATION, Appellant, v. BUSINESS FUTURES PLANNING CORPORATION, Richard C. Browy, Patricia Browy, John T. Anderson, Microecology Products, Inc., Carolina Business Advisors, Inc., and All American Life Insurance Company, Respondents.

(266 S. E. (2d) 81)

---

[1] *See generally, State v. Newton,* S. C., 262 S. E. (2d) 906 (1980); *State v. Parker,* 271 S. C. 159, 245 S. E. (2d) 904 (1978).

*Robert Dale Wilson,* Columbia, *for appellant.*

*David B. Butler,* Columbia, *for respondents.*

May 5, 1980.

HARWELL, Justice:

Appellant Integon Life Insurance Corporation appeals from related orders of the circuit court judge (1) denying its motion for default judgment against respondents Business Futures Planning Corporation, Richard C. Browy, Patricia Browy and Carolina Business Advisors, Inc., and (2) granting the motion of respondents Richard C. Browy, Patricia Browy and Carolina Business Advisors, Inc. for leave to file responsive pleadings. Inasmuch as proper disposal of the motion for default judgment hinges upon proper disposal of the motion for leave to answer, we treat only the order dealing with the latter motion.

The respondents did not answer within the statutorily prescribed time period but moved for court leave to answer pursuant to Section 15-13-90, S. C. Code Ann. (1976)[1].

---

[1] The section provides: "The court may, in its discretion and upon such terms as may be just, allow an answer or reply to be made or other act to be done after the time limited by this Code or by an order enlarge such time."

As a condition precedent for relief under § 15-13-90 ██ a party must show that his failure to timely answer was (1) the result of excusable neglect and (2) a meritorious defense to the suit exists. *Worrell v. Satterfield Construction Company,* 269 S. C. 532, 238 S. E. (2d) 215 (1977).

The order of the circuit court judge provides only, "Heard. Motion to allow responsive pleadings granted."

The trial judge's reasoning in granting the motion is not shown. Whether the legal rule set forth in *Worrell v. Satterfield, supra,* has been followed cannot be determined.

We remand for the circuit court judge to make specific findings as to whether or not the respondents' default was due to excusable neglect and whether a meritorious defense exists. Each side may supplement the record to assist the judge's adjudication of this matter.

Remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.