0280

Robert T. PAYNE and Anne J. Payne and John Henderson and Nan Henderson, Respondents, v. HOLIDAY TOWERS, INC., Perry Realty Company, Memorial Investment Corporation, and Resorts Unlimited, Inc., of whom Memorial Investment Corporation is Appellant.
Appeal of MEMORIAL INVESTMENT CORPORATION.

(321 S. E. (2d) 179)

Court of Appeals

*H. F. Bell,* Chesterfield, *for appellant.*

*Robert E. Staton,* of *Quinn & Smith,* Columbia, *for respondents.*

Sept. 20, 1984.

BELL, Judge:

These consolidated cases arise under the South Carolina Unfair Trade Practices Act[1] (the Act). The Paynes and the Hendersons (the Purchasers) sued various defendants for alleged false representations and fraudulent concealments in connection with the sale of condominium units at Myrtle Beach. When Memorial Investment Corporation failed to answer timely, the Purchasers moved for a default judgment against it. Memorial then moved to vacate the affidavit of default and for leave to file a late answer. The court denied Memorial's motion and granted a default judgment on the issue of liability. After a trial on the issue of damages, the court awarded the Purchasers damages, which were trebled because the court found Memorial's violations of the Act willful and knowing. The court also awarded costs and attorney's fees. Memorial appeals. We affirm.

I.

Memorial first claims the court lacked personal jurisdiction because of a defect in the service of process. This contention is without merit. If the defendant wishes to preserve an objection to personal jurisdiction, he cannot request any relief which may be granted only if the court has jurisdiction. *See Security Management, Inc. v. Schoolfield Furniture Industries, Inc.,* 275 S. C. 466, 272 S. E.

---

[1] Section 39-5-10 through -160, Code of Laws of South Carolina, 1976.

(2d) 638 (1980); *Rainwater Furniture Co. v. Blanton,* 246 S. C. 172, 143 S. E. (2d) 124 (1965). When he enters a general appearance, he submits himself to the jurisdiction of the court. *Rainwater Furniture Co., supra.* Here, Memorial appeared and filed motions to vacate the affidavit of default and for leave to file a later answer. In doing so, it made a general appearance, waived its objection to any defect in service of process, and submitted to the jurisdiction of the court. *Strickland v. Consolidated Energy Products,* 274 S. C. 554, 265 S. E. (2d) 682 (1980); *H. S. Chisholm, Inc. v. Klinger,* 229 S. C. 8, 91 S. E. (2d) 538 (1956); *Beard-Laney, Inc. v. Darby,* 208 S. C. 313, 38 S. E. (2d) 1 (1946).

## II.

Memorial next argues the court erred in denying it leave to file a late answer. Under § 15-13-90, Code of Laws of South Carolina, 1976, the circuit court may, in its discretion and upon such terms as are just, permit an answer after the time for answering has expired. In order to obtain relief under this statute, the moving party must make the same showing as is required to set aside a default under Code § 15-27-130. *Worrell v. Satterfield Construction Co. Inc.,* 269 S. C. 532, 238 S. E. (2d) 215 (1977). Relief may not be granted unless the moving party shows he has a meritorious defense and his failure to answer was the result of mistake, inadvertence, surprise, or excusable neglect. *See Integon Life Insurance Corp. v. Business Futures Planning Corp.,* 274 S. C. 595, 266 S. E. (2d) 81 (1980); *Irick v. Carr,* 243 S. C. 565, 135 S. E. (2d) 94 (1964); *McLaughlin v. Strickland,* 279 S. C. 513, 309 S. E. (2d) 787 (S. C. App. 1983). Whether a late answer may be filed is within the discretion of the trial court, not the appellate court. *Simon v. Flowers,* 231 S. C. 545, 99 S. E. (2d) 391 (1975). The trial judge's ruling will not be disturbed on appeal except in a case of clear abuse of discretion. *McGhee v. One Chevrolet Sedan,* 235 S. C. 37, 109 S. E. (2d) 713 (1959); *Nelson v. Zeagler Auto Service, Inc.,* 280 S. C. 88, 311 S. E. (2d) 81 (S. C. App. 1983).

The record reveals no abuse of discretion by the trial judge. Memorial's motion to file a late answer was based solely on an alleged defect in service of process which was waived by its general appearance. Neither the

motion nor the supporting affidavit set forth a meritorious defense to the complaint. The proposed answer was unverified; it consisted of a qualified general denial. In these circumstances, the trial judge acted well within his discretion in denying the motion.

### III.

The trial judge held an evidentiary hearing on the issue of damages. In accordance with *Howard v. Holiday Inns, Inc.,* 271 S. C. 238, 246 S. E. (2d) 880 (1978), Memorial was permitted to participate in the proceedings to the extent of cross examining witnesses and objecting to evidence. Based on the evidence presented, the court found the Paynes' condominium unit had a fair market value of $47,000. Subtracting this figure from the purchase price of $78,904.33, the court found that Paynes had sustained $31,904.33 in actual damages. In like manner, the court valued the Hendersons' unit at $65,000. This figure was subtracted from the purchase price of $91,337.74, resulting in actual damages of $26,337.74. Memorial appeals the court's findings of fair market value.

Determination of fair market value is a question of fact. *Jones v. Smith,* 206 Ga. 162, 56 S. E. (2d) 462 (1949).

The cause of action provided by Code § 39-5-140 is in the nature of an action at law for recovery of money damages. *See Jones v. Barco, Inc.,* 250 S. C. 522, 159 S. E. (2d) 279 (1968) (action to recover statutory penalty for usury and money damages for conspiracy is an action at law); 1980 Op. Att'y. Gen. No. 80-1 (magistrate's courts have jurisdiction under Code § 39-5-140 to hear private actions, where amount in controversy is less than $1,000, since statutory remedy is not equitable in nature). In actions at law tried to a judge sitting without a jury, the judge's findings of fact will not be reversed on appeal if there is any evidence which reasonably supports them. *Goodwin v. Dawkins,* 317 S. E. (2d) 449 (S. C. 1984).

We find evidence in the record to support the judge's findings of value in this case. Mr. Payne testified that the fair market value of his condominium unit was between $45,000 and $48,000. He also introduced into evidence copies of deeds reflecting the sale of units similar to his. These units had sold for between $40,000 and $52,000. Mr. Henderson testified that the fair market value of his condominium unit

was $65,000. This evidence is sufficient to support Judge Maring's findings that the values of the two units are $47,000 and $65,000 respectively. *See Seaboard Coast Line R. R. v. Harrelson,* 262 S. C. 38, 202 S. E. (2d) 1 (1974).

### IV.

Memorial also asserts the trial judge erred in awarding treble damages under the Act. Section 39-5-140(a) provides in pertinent part:

> If the court finds that the use or employment of the unfair or deceptive method, act or practice was willful or knowing violation of § 39-5-20 [prohibiting unfair or deceptive practices], the court shall award three times the actual damages sustained . . . .

Memorial claims the Purchasers sustained no actual damages in these cases because they suffered no ascertainable loss of money or property. In Memorial's words, "They paid money for a condominium; they received a condominium."

"Actual damages" or "compensatory damages" are ▇▇▇ damages in satisfaction of, or in recompense for, loss or injury sustained. *Laird v. Nationwide Insurance Co.,* 243 S. C. 388, 134 S. E. (2d) 206 (1964). Where an action lies for deception in the sale of real property, actual damages at common law may be measured by the difference between the purchase price of the property and its fair market value. *Buzhardt v. Cromer,* 272 S. C. 159, 249 S. E. (2d) 898 (1978). Although the Act does not define the term "actual damages," we hold that the term means common law damages, or the difference in value between that with which the plaintiff parted and that which he received. *See United Postage Corp. v. Kammeyer,* 581 S. W. (2d) 716 (Tex. Civ. App. 1979). Where there is a willful or knowing violation of the Act from which actual damages flow, § 39-5-140(a) requires those damages to be trebled. Memorial's argument is therefore without merit.

### V.

Memorial's final argument concerns the refusal of the trial judge to recuse himself for bias. Memorial's motion to recuse was made orally at the damages hearing. No affidavit or other evidence was introduced in support of the motion. Counsel for

Memorial stated that the motion was based on his client's dissatisfaction with past rulings the judge had made in other cases involving Memorial and one of its stockholders, Mr. Wilson. For the first time on this appeal, Memorial also claims that "many" adverse discretionary rulings at the damages hearing also demonstrate clear bias of the trial judge. Memorial does not specify to which ruling it refers.

Canon 3(C)(1)(a) of the Code of Judicial Conduct, Rule 33, Rules of Practice of the Supreme Court, requires a judge to recuse himself when "he has a personal bias or prejudice concerning a party . . . ." The alleged bias must stem from an extrajudicial source and result in a decision based on other than what the judge learned from his participation in the case. *United States v. Grinnel Corp.*, 384 U. S. 563, 86 S. Ct. 1698, 16 L. Ed. (2d) 778 (1966); *Carter v. State*, 246 Ga. 328, 271 S. E. (2d) 475 (1980). When no evidence is presented other than prior appearances by a party which resulted in "adverse" ruling by the judge, the judge is not required to recuse himself. *See State v. Cabines*, 273 S. C. 56, 254 S. E. (2d) 291 (1979) (defendant's three previous appearances in General Sessions before same judge not a bais for disqualifications, absent other evidence of bias.)

The only "evidence" Memorial offered in support of its motion was a statement by counsel that Judge Maring had granted judgment against it in a previous action. We believe this case falls squarely within the rule in *State v. Cabiness, supra.*

Memorial's additional contention that unspecified rulings during the hearing "clearly show that the trial jduge was in fact bias: was not presented to the circuit judge and, therefore, is not properly before this court. *D. A. Davis Construction Co. Inc. v. Palmetto Properties, Inc.*, 315 S. E. (2d) 370 (S. C. 1984); *see also Butler v. Sea Pines Plantation Co.*, 317 S. E. (2d) 464, (S. C. App. 1984) (adverse rulings insufficient to establish bias or prejudice; such prejudice must clearly appear from the record). Nevertheless, we review the record and found no evidence of partiality by Judge Maring in his rulings. We accordingly find Memorial's claim of bias in this case frivolous.

Affirmed.

SANDERS, C. J., and SHAW, J., concur.