THIS OPINION HAS NO 
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY 
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Sylvia Crawford,       
Respondent,
 
 
 

v.

 
 
 
Lawrence Crawford,       
Appellant.
 
 
 

Appeal From Kershaw County
Rolly W. Jacobs, Family Court Judge 

Unpublished Opinion No.  2004-UP-381
Submitted April 21, 2004  Filed June 
 18, 2004

AFFIRMED

 
 
 
Lawrence Crawford,  pro se.
William S. Tetterton, of Camden, for Respondent.
 
 
 

PER CURIAM:  In this divorce action, the 
 appealed order (1) granted Sylvia Crawford, the wife, a divorce from Lawrence 
 Crawford, the husband, on the ground of a one-year separation, (2) granted both 
 parties sole and exclusive possession of the property in their respective possessions, 
 and (3) restored the wifes maiden name.  The husband appeals.  We affirm. [1] 
1.  We find no merit to the husbands argument 
 that the family court judge who heard the matter should have recused himself 
 because that same judge also presided in a matter involving the Department of 
 Social Services against the husband.  See Roper v. Dynamique Concepts, 
 Inc., 316 S.C. 131, 139, 147 S.E.2d 218, 223 (Ct. App. 1994) (A judge is 
 not required to recuse himself merely because he presided over other proceedings 
 on the same or related cases.); Payne v. Holiday Towers, Inc., 283 S.C. 
 210, 217, 321 S.E.2d 179, 183 (Ct. App.1984) (When no evidence is presented 
 other than prior appearances by a party which resulted in adverse rulings 
 by the judge, the judge is not required to recuse himself.).  Here, although 
 the husband appears to allege on appeal that the other proceeding resulted in 
 continual bias actions against him, he offered no evidence, by affidavit or 
 otherwise, to show the presiding family court judge could not be impartial in 
 this case.
2.  The family court ordered that the marital property 
 in the possession of each party be the sole and exclusive property of that party, 
 free from any claims of the other.   The husband alleges error in the family 
 courts decision to confirm the wifes right to the marital property in her 
 possession.  We find no error.  
The wife testified that she took clothes belonging 
 to herself and the children, the parties living room set, the washer and dryer, 
 and the refrigerator.  The husband alleges on appeal that the wife had taken 
 into possession other items that she did not mention at trial, including jewelry, 
 electronic equipment, credit cards, and social security benefits.  At the conclusion 
 of the hearing, the family court agreed to take the issue of equitable distribution 
 under advisement pending the husbands provision of written information of valuation 
 of all of the items in the mobile home in addition to the items that [the 
 wife] has (emphasis added).  The family court requested the husband to 
 mark which items [the wife] has and which items . . . are still left in there.  
 Although the husband provided a statement alleging the wife owed him $24,700 
 in social security benefits and had taken other items of value, the record on 
 appeal does not contain, as the family court requested, a valuation of the items 
 to which the husband retained possession.  Moreover, the husband does not appear 
 to dispute the findings in the appealed order that he had retained possession 
 of the marital real estate, the remaining household furnishings, and two automobiles.  
 As the wife notes in her brief, the evidence could support a finding that the 
 value of the items that she took represented a very small portion of the total 
 assets of the marriage.  Under these circumstances, we find no abuse of discretion 
 in the family courts decision to award the wife the marital property that she 
 agreed was in her possession.  See Bowers v. Bowers, 349 S.C. 
 85, 97, 561 S.E.2d 610, 616(Ct. App. 2002) (citing the principle that, absent 
 an abuse of discretion, the family courts apportionment of marital property 
 will not be disturbed on appeal).
3.  The husband appears to raise several additional 
 matters on appeal; however, in his brief, he failed to present a concise and 
 direct statement for these issues, preferring to include discussion on them 
 within the arguments for which statements were provided.  As an appellate court, 
 we are not at liberty to consider these other matters because they have not 
 been preserved for appeal.  See Langehans v. Smith, 347 S.C. 348, 
 352, 554 S.E.2d 681, 683 (Ct. App. 2001) (An appellate brief must be divided 
 into as many parts as there are issues to be argued, and an issue is not preserved 
 for appeal if appellants brief does not conform to these requirements. . . 
 . [I]t is error for the appellate court to consider issues not properly raised 
 to it.).
 AFFIRMED.
GOOLSBY, HOWARD, and BEATTY, JJ., concur.

 
 
 [1] We decide this case without oral argument pursuant to Rule 215, SCACR.