**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Christopher A. Clampitt, Appellant,

v.

Stacey T. Clampitt, Respondent,

v.

CKMN, Inc. Sarah K. Black, and Christopher Jon Clampitt, Third-Party Respondents.

Appellate Case No. 2021-000909

―――――――――

Appeal From Lexington County
Thomas M. Bultman, Family Court Judge

―――――――――

Unpublished Opinion No. 2023-UP-330
Heard September 11, 2023 – Filed October 11, 2023

―――――――――

**AFFIRMED**

―――――――――

J. Michael Taylor, of Taylor/Potterfield, and Robert Powell Jackman, of Finkel Law Firm LLC, both of Columbia, and David Kellum Allen, of The Allen Law Firm, P.A., of West Columbia, all for Appellant.

Bruce Wyche Bannister, Luke Anthony Burke, and Julie Elizabeth McCool, all of Bannister, Wyatt & Stalvey, LLC, of Greenville, for Respondent Stacey T. Clampitt.

Micajah Pickett Caskey, IV, of Caskey Law Firm, P.A., of West Columbia, for Third-Party Respondents CKMN, Inc., Sarah K. Black, and Christopher Jon Clampitt.

---

**PER CURIAM:** Christopher Clampitt (Husband) appeals the family court's final order, arguing on appeal that the family court erred in (1) its division of the marital assets and debts, (2) failing to award week-to-week custody of the parties' minor children, and (3) awarding Wife $6,000 per month in permanent periodic alimony. In addition, Husband argues that because this court should reverse the family court's findings on these issues, we must also reverse the family court's award of attorney's fees to Wife. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. Taking our own view of the preponderance of the evidence, we find the family court did not err in its valuation of the family business CLEATT because (1) the change in CLEATT's value during the litigation was attributable to Husband; (2) the family court accounted for Husband's personal goodwill in determining the valuation; and (3) the family court's valuation was within the range of evidence presented, and Husband did not meet his burden of showing the family court's valuation was against the preponderance of the evidence. *See Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) (*Lewis I*) ("[W]hile retaining the authority to make our own findings of fact, we recognize the superior position of the family court judge in making credibility determinations." (footnote omitted)); *id.* (providing the appellate court will affirm the family court's findings unless the appellant satisfies his burden of showing the preponderance of the evidence is against the family court's findings); *Burch v. Burch*, 395 S.C. 318, 325, 717 S.E.2d 757, 761 (2011) (stating that while marital property generally is valued at the date of filing of the marital litigation, in some cases "the parties may be entitled to share in any appreciation or depreciation in marital assets occurring after a separation but before divorce"); *id.* at 326, 717 S.E.2d at 761 ("Courts tend to value active appreciation or depreciation at the filing date to encourage the parties to engage in productive economic activity and discourage waste by allowing them to reap the reward of their labor and suffer the burden of their dissipation."); *id.* (stating active appreciation is the "'financial or managerial contributions' of one of the spouses" (quoting *Brackney v. Brackney*, 682 S.E.2d 401, 408 (N.C. Ct. App. 2009))); *Dixon*

*v. Dixon*, 334 S.C. 222, 227-28, 512 S.E.2d 539, 541-42 (Ct. App. 1999) (noting the husband purposely destroyed the marital property business after the filing of marital litigation, which resulted in the business's bankruptcy and liquidation); *id.* at 233, 235, 512 S.E.2d at 544-45 (holding the value of the business "at the time of filing must be included in the marital estate," and that value "must be assessed against the Husband's share of the marital property"); *Pirri v. Pirri*, 369 S.C. 258, 264, 631 S.E.2d 279, 283 (Ct. App. 2006) ("In making an equitable distribution of marital property, the family court must identify real and personal marital property and determine the property's fair market value."); *Lewis I*, 392 S.C. at 391, 709 S.E.2d at 655 (stating the "[d]etermination of fair market value is a question of fact" (alteration in original) (quoting *Payne v. Holiday Towers, Inc.*, 283 S.C. 210, 215, 321 S.E.2d 179, 182 (Ct. App. 1984))); *id.* at 393, 709 S.E.2d at 656 ("The family court has broad discretion in valuing the marital property. A family court may accept the valuation of one party over another, and the court's valuation of marital property will be affirmed if it is within the range of evidence presented." (quoting *Pirri*, 369 S.C. at 264, 631 S.E.2d at 283)); *Moore v. Moore*, 414 S.C. 490, 512, 779 S.E.2d 533, 544 (2015) (recognizing "enterprise goodwill as marital property subject to equitable division"); *id.* ("Personal goodwill, which follows the owner and is entirely dependent on the owner's personal or professional services and skills, is not marital property subject to division.").

2. We hold the family court did not err in its alimony award to wife. As stated above, the family court's valuation of the marital business did not include Husband's personal goodwill so the alimony award is not a double recovery. *See id.* at 510, 779 S.E.2d at 543-44 ("[W]here there has been an award of alimony, . . . to also attribute a value to goodwill that is wholly personal to the professional spouse, would in essence result in a double charge on future income.'" (alteration and omission in original) (quoting *Butler v. Butler*, 663 A.2d 148, 156 (Pa. 1995))). We further find the family court thoroughly considered the statutory factors and Husband has not met his burden of showing the family court's alimony award was against the preponderance of the evidence. *See* S.C. Code Ann. § 20-3-130(C) (2014) (setting forth the factors to be considered in awarding alimony); *Lewis I*, 392 S.C. at 392, 709 S.E.2d at 655 ("[W]hile retaining the authority to make our own findings of fact, we recognize the superior position of the family court judge in making credibility determinations." (footnote omitted)); *id.* (providing the appellate court will affirm the family court's factual findings unless the appellant satisfies his burden of showing the preponderance of the evidence is against the family court's findings); *Crossland v. Crossland*, 408 S.C. 443, 451, 759 S.E.2d 419, 423 (2014) ("Alimony is a substitute for the support normally incidental to the marital relationship."); *Allen v. Allen*, 347 S.C. 177, 184, 554 S.E.2d 421, 424 (Ct.

App. 2001) ("Generally, alimony should place the supported spouse, as nearly as is practical, in the same position he or she enjoyed during the marriage."); *id.* at 184, 554 S.E.2d at 425 (rejecting the husband's argument that "the duration of a marriage should be calculated from the date of marriage to the date of commencement of marital litigation"); *Sweeney v. Sweeney*, 420 S.C. 69, 79-80, 800 S.E.2d 148, 153 (Ct. App. 2017) (rejecting the husband's contention that the wife should be barred from receiving alimony "merely because she has substantial marital assets to liquidate" and explaining that "[i]t would be inequitable to require [the w]ife to invade her only assets to support herself while [the h]usband may save and continue to draw a substantial salary and dividends from his company"), *aff'd*, 426 S.C. 229, 826 S.E.2d 299 (2019).

3.  We hold the family court did not err in its custody determination.  Due to the conflict between the parties, their co-parenting difficulties, and the lack of consistency between their households, we hold week-to-week custody would not be in the children's best interests during the school year.  *See Lewis v. Lewis*, 400 S.C. 354, 364, 734 S.E.2d 322, 327 (Ct. App. 2012) (*Lewis II*) ("In making a custody determination, the child's welfare and best interest are the paramount and controlling considerations of the court."); S.C. Code Ann. § 63-15-240(B) (Supp. 2022) (providing nonexclusive factors pertaining to the best interest of the child); *Simcox-Adams v. Adams*, 408 S.C. 252, 260, 758 S.E.2d 206, 210 (Ct. App. 2014) ("In determining a child's best interest in a custody dispute, the family court should consider several factors, including: who has been the primary caretaker; the conduct, attributes, and fitness of the parents; the opinions of third parties, including the guardian ad litem, expert witnesses, and the children; and the age, health, and gender of the children."); *Lewis II*, 400 S.C. at 365, 734 S.E.2d at 327 ("Although the legislature gives family court judges the authority to order joint or divided custody where the court finds it is in the best interests of the child, . . . joint or divided custody should only be awarded where there are exceptional circumstances." (omission in original) (quoting *Patel v. Patel*, 359 S.C. 515, 528, 599 S.E.2d 114, 121 (2004))); *Scott v. Scott*, 354 S.C. 118, 125, 579 S.E.2d 620, 624 (2003) (opining the statute that grants "the family court the exclusive jurisdiction '[t]o order joint or divided custody where the court finds it is in the best interests of the child,' . . .did not change the law in this State that, generally, joint custody is disfavored" (alteration in original) (quoting S.C. Code Ann. § 63-3-530(A)(42) (Supp. 2022))); *Lewis II*, 400 S.C. at 365, 734 S.E.2d at 327-28 ("The courts generally endeavor to avoid dividing the custody of a child between contending parties, and are particularly reluctant to award the custody of a child in brief alternating periods between estranged and quarrelsome persons.  Under the facts and circumstances of particular cases, it has been held improper to apportion

the custody of a child between its parents, or between one of its parents and a third party, for ordinarily it is not conducive to the best interests and welfare of a child for it to be shifted and shuttled back and forth in alternate brief periods between contending parties, *particularly during the school term*. Furthermore, such an arrangement is likely to cause confusion, interfere with the proper training and discipline of the child, make the child the basis of many quarrels between its custodians, render its life unhappy and discontented, and prevent it from living a normal life." (emphasis added) (quoting *Scott*, 354 S.C. at 125-26, 579 S.E.2d at 624)).

4. Because we affirm the family court on these issues, we affirm the award of attorney's fees.

**AFFIRMED.**

**HEWITT and VERDIN, JJ., and LOCKEMY, A.J., concur.**