19434

Juanita **BLEDSOE**, Appellant, v. Enoch Glenn **METTS**, Respondent

(189 S. E. (2d) 291)

*R. A. Hightower, Esq.,* of *Blease, Griffith, Stone & Hightower,* Newberry, *for Appellant,*

502

*George E. LaFaye, III, Esq.,* of *Lumpkin & LaFaye,* Columbia, *for Respondent,*

May 31, 1972.

*Per Curiam:*

Juanita Bledsoe, the appellant herein, commenced this action against Enoch Glenn Metts, the respondent herein, to recover damages for alleged personal injuries sustained by her as a result of an automobile collision which occurred on July 12, 1971. The respondent has instituted a separate action against the appellant to recover damages sustained by him in the same collision.

The instant action was commenced by the service of a summons and complaint upon the respondent on September 11, 1971. The respondent failed to answer the complaint within 20 days after the service thereof as required by Section 10-641 of the Code. The answer of the respondent was

due on October 1, 1971. Counsel was employed to represent the respondent on October 4, 1971, and at that time these attorneys called the attorneys for the appellant and requested an extension of time within which to answer. This request was refused.

The attorneys for the respondent on October 7, 1971, served notice of a motion, pursuant to Section 10-609 of the Code, that they would move before the Honorable George Bell Timmerman, Jr., Resident Judge of the Eleventh Judicial Circuit, for an Order allowing an answer to be filed on behalf of the respondent. There was attached to the motion a certificate reading as follows:

"Pursuant to Rule 19 of the Circuit Court Rules, the undersigned verily believes that the defendant has a good and substantial defense upon the merits to the cause of action set forth in the Complaint."

It is further set forth that it would be in the interest of justice to allow an answer to be filed by the respondent, particularly in view of the fact that the respondent has instituted an action against the appellant to recover damages sustained by him in the same collision.

The motion of the respondent came on to be heard by the trial judge upon the record and supporting affidavits and, thereafter, he entered an Order granting the motion on the ground that there was excusable neglect or fault for his failure to answer within the statutory period. This appeal followed.

A motion to be relieved of a failure to plead within the time required by law is addressed to the sound discretion of the trial court whose decision will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. *Livingston v. S. C. Farm Bureau Mut. Ins. Co.*, 254 S. C. 161, 174 S. E. (2d) 163.

We have held that Section 10-609 of the Code should be given a liberal construction in furtherance of justice and in order that cases may be tried and dis-

posed of upon their merits and each case must be considered in the light of its own attendant circumstances. When a party makes a showing of mistake, inadvertence, surprise or excusable neglect and applies promptly for relief after notice and makes a *prima facie* showing of a meritorious defense, answer should be permitted to be filed. *McGhee v. One Chevrolet Sedan,* 235 S. C. 37, 109 S. E. (2d) 713.

It is our conclusion that the trial judge did not abuse his discretion in allowing the respondent to answer after he was in default. The appellant has failed to satisfy us that there was any erroneous exercise of discretion on the part of the trial judge.

The appellant also contends that there was an abuse of discretion on the part of the trial judge in allowing the respondent to file an answer when the certificate of the attorney for the respondent, in support of the motion therefor, was not in compliance with Circuit Court Rule 19.

This question is not properly before us for decision for the reason that the record does not disclose that it was made or decided in the court below. *Gore v. Skipper,* 255 S. C. 18, 176 S. E. (2d) 569. However, it is our conclusion that the certificate of the attorney for the respondent was in substantial compliance with Rule 19.

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.