0028

Phillip NELSON, Appellant, v. ZEAGLER AUTO SERVICE, INC., and Motor Credit Company, Inc. of whom Zeagler Auto Service, Inc., is Respondent.

(311 S. E. (2d) 81)

Court of Appeals

*Lourie, Curlee and Swerling,* Columbia, *for appellant.*

*Randall D. Amick,* Lexington, *for respondent.*

Dec. 28, 1983.

GOOLSBY, Judge:

The issue in this action for conversion of personal property is whether the lower court erred in permitting the respondent Zeagler Auto Service, Inc. (Zeagler), to file a late answer to the appellant Phillip Nelson's complaint. We find no abuse of discretion and affirm.

Zeagler, a wrecker service, and Motor Credit Company, Inc. (Motor Credit), an automobile finance company, allegedly converted certain of Nelson's personal property when Motor Credit repossessed Nelson's automobile and Zeagler hauled it away.

Both Zeagler and Motor Credit were served on January 24, 1979, with a summons but no complaint. On January 29, 1979, Motor Credit gave notice of appearance and demanded a copy of the complaint. In response to its demand, the complaint was served upon Motor Credit on February 6, 1979. Because Zeagler provided no notice of appearance and made no demand for a copy of the complaint within the required twenty-day period, an affidavit of default, dated February 26, 1979, was filed with the court.

A default hearing was conducted on February 6, 1981, and testimony was presented on Zeagler's behalf regarding the circumstances surrounding the service of the summons and Zeagler's failure to demand a copy of the complaint. The lower court concluded that there was excusable neglect by Zeagler

in failing to respond to Nelson's summons, that a meritorious defense was asserted, and that a late answer would be permitted. In making those conclusions the lower court found that Zeagler "had no real notice of what the claim was about in that there was no Complaint served with the Summons" and that Zeagler had "acted reasonab[ly] in assuming that ... Motor Credit ... had taken care of the matter."

As we gather, the lower court conducted the hearing below pursuant to Section 15-13-90 of the South Carolina Code of Laws (1976), a statute which authorizes a court to allow an answer or other act to be done after time has expired. An application to be relieved of a failure to plead or to do an act within the time required by law is addressed to the sound discretion of the trial judge whose decision will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. *Bledsoe v. Metts*, 258 S. C. 500, 189 S. E. (2d) 291 (1972); *Livingston v. South Carolina Farm Bureau Mut. Ins. Co.*, 254 S. C. 161, 174 S. E. (2d) 163 (1970). "[E]ach case," our Supreme Court said in *Bledsoe*, "must be considered in the light of its own attendant circumstances." 258 S. C. at 504, 189 S. E. (2d) 291.

Nelson has not clearly shown that the lower court abused its discretion in allowing Zeagler to file an answer to his complaint.

Nelson's action, we have mentioned, was commenced by the service of a summons without a complaint. A defendant named in an action begun by the service of a summons only cannot ordinarily be expected to know the precise nature of the claim and cannot reasonably be expected to appreciate the action's true significance. Although our law uniquely allows an action to be brought by the service of a summons without a complaint [*see* S. C. Code of Laws § 15-13-230 (1976); *Sun News v. Stevens*, 278 S. C. 26, 36, 292 S. E. (2d) 30 (1982) (Harwell, J., dissenting)], the procedure, in our view, is not a good way to begin the fair adjudication of a legal dispute particularly when no need exists for hurried action, a lay person is served, the claim is a simple one, and multiple defendants are named. *Cf. Richardson Const. Co., Inc. v. Meek Eng. & Const. Co., Inc.*, 274 S. C. 307, 310, 262 S. E. (2d) 913 (1980); *Williams v. Carpenter*, 273 S. C. 339, 256 S. E. (2d) 316 (1979); *Jolley v. Jolly*, 265 S. C. 594, 220 S. E. (2d) 882 (1975).

Aside from that, Zeagler demonstrated to our satisfaction the existence of excusable neglect and a meritorious defense. Zeagler also established that it applied promptly for relief after notice of default. *Bledsoe v. Metts, supra.*

An agreement existed between Zeagler and Motor Credit whereby the latter would assume responsibility for claims arising out of Zeagler's towing of automobiles repossessed by Motor Credit. After Zeagler was served with the summons, Zeagler notifed Motor Credit and told it about the service of the process. Zeagler understood that Motor Credit's attorney would handle the matter. Later, however, Motor Credit served an answer and cross complaint upon Zeagler. When it did, Zeagler discovered for the first time that Motor Credit, whose representative Zeagler claimed had custody of Nelson's car throughout, had not taken appropriate steps to defend it in the action brought by Nelson. Zeagler promptly secured legal counsel and sought court permission to file a late answer.

In light of the underlying circumstances, we conclude that the lower court did not erroneously allow Zeagler to file a late answer.

The judgment below is, therefore,

Affirmed.

SHAW and CURETON, JJ., concur.