0335

TIMOTHY C. DOUGHTIE ADVERTISING, INC., Appellant, v. NELSEN STEEL AND WIRE CO., INC., Let Us Entertain You, Inc., and Thomas E. O'Connor, individually, and d/b/a Scandals, of whom Thomas E. O'Connor is Respondent.

(324 S. E. (2d) 329)

Court of Appeals

*James M. Herring,* of *Herring & Meyer, P.A.,* Hilton Head Island, *for appellant.*

*John V. Esposito,* of *Esposito and Esposito,* Hilton Head Island, *for respondent.*

Heard Oct. 24, 1984.

Decided Dec. 12, 1984.

GOOLSBY, Judge:

The appellant Timothy C. Doughtie Advertising, Inc., appeals an order of the trial court permitting the respondent Thomas E. O'Connor to file an answer to its second amended complaint. Doughtie Advertising charges the trial court with an abuse of discretion. We remand.

As originally filed, the action named only one defendant; Nelsen Steel and Wire Company, Inc., d/b/a Scandals. Doughtie Advertising later amended its complaint to add Let Us Entertain You, Inc., and Thomas E. O'Connor as defendants. O'Connor answered timely.

Fourteen months after serving the original complaint and six months after serving the amended complaint, Doughtie Advertising on December 21, 1981, amended its complaint a second time. Doughtie Advertising mailed copies of the second amended complaint to O'Connor at two separate mailing addresses furnished Doughtie Advertising's counsel by O'Connor during the taking of O'Connor's deposition in early December. One address was a post office box on Hilton Head Island and the other was a condominium apartment also on Hilton Head Island. Doughtie Advertising received a copy of O'Connor's answer to the second amended complaint on April 12, 1982.

A month later, on May 11, 1982, the trial judge conducted a default hearing and received testimony concerning the circumstances surrounding the service of the second amended complaint and O'Connor's failure to answer it earlier. The trial judge permitted O'Connor to file an answer to the second amended complaint after concluding that O'Connor had demonstrated excusable neglect, among other things, and had shown the existence of a meritorious defense. Nowhere, however, did the trial judge make specific findings of fact to support his legal conclusions. In fact, the trial judge issued no formal order.

Section 15-13-90 of the South Carolina Code of Laws (1976) authorizes a court to allow an answer or other act to be done after time has expired. *Nelson v. Zeagler Auto Service*, 280 S. C. 88, 311 S. E. (2d) 81 (S. C. App. 1983). An application to be relieved of a failure to plead or to do an act within the time required by law is addressed to the sound discretion of the trial judge whose decision will not be disturbed on appeal unless an abuse of discretion is clearly demonstrated. *Bledsoe v. Metts*, 258 S. C. 500, 189 S. E. (2d) 291 (1972); *Nelson v. Zeagler Auto Service, supra.* An abuse of discretion can occur when either an order based on factual conclusions is without evidentiary support or the judge issuing the order was controlled by an error of law. *Ledford v. Pennsylvania Life Ins. Co.*, 267 S. C. 671, 230 S. E. (2d) 900 (1976); *Em-Co Metal products v. The Great Atlantic & Pacific Tea Co.*, 280 S. C. 107, 311 S. E. (2d) 83 (S. C. App. 1983).

In this instance, we cannot review the trial judge's factual conclusions to determine whether they enjoy evidentiary support because the trial judge did not make any. In that connection, we note that O'Connor claims the trial judge found that he did not reside at the address to which the second amended complaint was mailed. The trial judge, so far as we can tell, made no such finding, at least not expressly.

The failure to set forth specific findings of fact to support its legal conclusions likewise prevents us from determining whether the trial judge's order in this case was controlled by an error of law. Doughtie Advertising contends that this case is controlled by *Keller v. Provident Life and Accident Ins. Co.*, 213 S. C. 339, 49 S. E. (2d) 577 (1948), wherein the Supreme Court held that a presumption arises that a letter was received by the addressee when the evidence establishes the letter was mailed with sufficient postage to the proper address. Here, however, the trial judge made no finding as to whether the second amended complaint was in fact mailed to O'Connor's proper address with sufficient postage affixed. Without a finding of fact in this regard, we cannot say whether *Keller* controls or not.

Moreover, we are troubled by the failure of the record before us to reflect any mention of an order permitting Doughtie Advertising to file a second amended complaint.

*See* S. C. Code of Laws Section 15-13-910 (1976); *First Carolinas Joint Stock Land Bank of Columbia v. Stuckey,* 170 S. C. 86, 169 S. E. 843 (1933); *cf.* S. C. Code of Laws Section 15-13-920 (1976). At oral argument before this court, counsel could not recall whether there was such an order. Absent an order allowing Doughtie Advertising to file a second amended complaint, O'Connor had no duty to answer it. *See Jordan v. State Highway Department,* 188 S. C. 83, 198 S. E. 174 (1938) (motion to set aside service of amended complaint properly granted when no legal authority existed for amendment); 71 C. J. S. *Pleading* Section 279(a) at 587 (1951).

We therefore remand the case to the trial court for the entry of a written order in which the trial judge shall make specific findings of fact and conclusions of law concerning the issues of the existence of mistake, inadvertence, surprise, or excusable neglect and of the existence of a meritorious defense. The trial judge shall also make specific findings of fact and conclusions of law regarding the authority pursuant to which Doughtie Advertising served the second amended complaint in the first place. *See* S. C. Code of Laws Section 15-35-110 (1976); *cf. Smith v. McClam,* 280 S. C. 398, 312 S. E. (2d) 260 (S. C. App. 1984) *and Livingston v. Carolina Timber Co.,* S. C., 320 S. E. (2d) 474 (S. C. App. 1984) (without order appellate court has nothing to review; both cases remanded for issuance of written order).

Remanded.

SHAW and CURETON, JJ., concur.