THIS OPINION 
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT 
 IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE 
 STATE OF SOUTH CAROLINA
 In The Court of Appeals

 
 
 
 
 E. Hathaway Construction, 
 Inc., Respondent, 
 
 
 
 

v.
 
 
 
 
 David Eli, a/k/a David Eliyahu, 
 Four Seasons, Rebecca Shirley, David L. Shirley and the Shirley Family 
 Limited Partnership, Defendants
 Of Whom David Eli, a/k/a 
 David Eliyahu, Four Seasons is the, Appellant.
 
 
 

Appeal From Horry County
  J. Stanton Cross, Jr., Master-In-Equity

Unpublished Opinion 
 No. 2004-UP-289
 Heard April 7, 2004  Filed 
 May 4, 2004

AFFIRMED IN PART, 
 REVERSED IN PART, AND REMANDED

 
 
 
 
 John M Leiter, of Myrtle 
 Beach, for Appellant.
 Norwood David DuRant, of 
 Surfside Beach, for Respondent.
 
 
 

PER 
 CURIAM:  E. Hathaway Construction, Inc. brought this action against David 
 Eli, a/k/a David Eliyahu, Rebecca Shirley, David L. Shirley, and the Shirley 
 Family Limited Partnership to foreclose on a mechanics lien and for breach 
 of contract seeking to recover money owed for the construction of a building 
 on land Eli leased from the Shirleys.  The Master-In-Equity awarded Hathaway 
 a judgment on its breach of contract claim, determined the total debt on the 
 mechanics lien, including a set-off in favor of Eli as a result of a leak, 
 and ordered the foreclosure of the lien.  The master also awarded Hathaway attorneys 
 fees.  We affirm in part, reverse in part, and remand.  
FACTS 

In March 
 of 2000, Hathaway and Eli entered into a verbal contract for the construction 
 of a building on land leased from the Shirleys.  The building was to be used 
 by Eli for selling beach merchandise.  The parties agreed Eli was to pay cost 
 plus fifteen percent.  
The original 
 plan for the building called for the installation of a glass panel front to 
 the building.  After construction began, Eli requested a change to the shape 
 of the front of the building by adding more glass and an angled front.  Hathaway 
 used a Kawneer prefabricated system for the front of the building.  
Eli made 
 a portion of the payments required under the verbal contract.  However, he eventually 
 stopped making payments and Hathaway ceased work on the building.  On August 
 31, 2000, Hathaway received a certificate of occupancy for the building, and 
 no further work was completed on the building.  
Hathaway filed an Affidavit of Mechanics 
 Lien against the real property and the owners of the fee simple estate.  The 
 notice of mechanics lien made no mention of the leasehold interest.  On November 
 9, 2000, Hathaway filed the current action, seeking to foreclose on the mechanics 
 lien and also seeking damages for breach of contract.  The Shirleys answered 
 and cross-claimed against Eli for indemnification.  In his answer, Eli asserted 
 he was entitled to a setoff for the leaking glass front.  He also counterclaimed 
 for damages suffered by the construction deficiencies.  
The Master granted 
 Eli a $20,000 set-off for Eli to repair the roof that has a leak.  He held 
 Hathaway was entitled to a judgment of $243,705.24 and ordered foreclosure of 
 the leasehold interest.  
Eli filed a motion for reconsideration.  
 In it he alleged the court erred in concluding Hathaway had a valid mechanics 
 lien against the leasehold interest where the lien failed to mention the leasehold 
 and only mentioned the fee simple interest.  Eli also alleged the court erred: 
 1) in enforcing the foreclosure against Elis wife because she was never made 
 a party to the action; 2) in awarding penalties and interest to Hathaway based 
 upon subcontractors not being paid; 3) in awarding prejudgment interest; 4) 
 in awarding attorneys fees under the contract; 5) in awarding one half of the 
 accountants fee; 6) in determining the amount of the setoff to which Eli was 
 entitled; and (7) in including certain sums in the total debt secured by the 
 mechanics lien.  
The Master filed 
 an Amended Final Order in which he reaffirmed his previous order, but changed 
 some of the amounts.  He held the total debt secured by the mechanics lien 
 was $201,752.69, which included $183,626.41 as the contract balance, prejudgment 
 interest, attorneys fees, court fees and the setoff in favor of Eli in the 
 amount of $20,000.00.  The master also held Hathaway was entitled to a judgment 
 in the amount of $239,128.59, which included the above total debt plus half 
 of the accountants fee equaling $6,352.50 and penalties and interest charged 
 by subcontractors equaling $31,023.40.  Although the attorneys fees are included 
 in the calculation of the mechanics lien, the order states the master awarded 
 the attorneys fees under the terms of the contract.  
STANDARD OF REVIEW 

The foreclosure of a mechanics lien 
 is an action at law.  T.W. Morton Builders, Inc. v. von Buedingen, 316 
 S.C. 388, 397, 450 S.E.2d 87, 92 (Ct. App. 1994).  An action for breach of contract 
 seeking money damages is also an action at law.  Sterling Dev. Co. v. Collins, 
 309 S.C. 237, 240, 421 S.E.2d 402, 404 (1992).  In an action at law, tried without 
 a jury, the masters findings of fact will not be disturbed on appeal unless 
 found to be without evidence which reasonably supports the Masters findings.  
 Townes Assocs., Ltd. v. City of Greenville, 266 S.C. 81, 86, 221 S.E.2d 
 773, 775 (1976).

 LAW/ANALYSIS
 I.       Validity 
 of the Foreclosure 

Eli argues the Master erred in foreclosing 
 on the leasehold interest pursuant to the mechanics lien because the mechanics 
 lien did not mention the leasehold interest.  Additionally, he asserts the mechanics 
 lien only referenced the owners of the fee simple interest, the Shirleys, and 
 not the owners of the leasehold interest, which was foreclosed.  We find Eli 
 failed to preserve this issue.
The mechanics lien statute requires 
 the lien to include a description of the property intended to be covered by 
 the lien sufficiently accurate for identification, with the name of the owner 
 of the property . . . S.C. Code Ann. § 29-5-90 (Supp. 2003).  The lien in this 
 case did list the owner of the property, but failed to list the owner of the 
 leasehold interest.  However, in the complaint, under the cause of action to 
 foreclose on mechanics lien, Hathaway noted the Shirleys had leased the property 
 to Eli and requested a judgment against the Defendants which include Eli.  
 Additionally, the complaint indicated that any deficiency judgment, if necessary, 
 should be against the Defendants including Eli.  During an earlier arbitration 
 hearing, counsel for Hathaway stated that the action was under the mechanics 
 lien statute as a mechanics lien foreclosure of a leasehold interest.  There 
 is no indication in the record that Eli objected to the statement.  Finally, 
 at the beginning of trial, the court and counsel had discussions regarding the 
 fact Hathaway was proceeding to foreclose the leasehold interest.  Eli made 
 no objection at that time.  Later in the trial, Elis counsel stipulated that 
 the mechanics lien was filed timely and in compliance with the statute, and 
 the summons and complaint were filed timely and in compliance with the statute.  
 Again, Eli raised no objection to the court proceeding as a foreclosure against 
 the leasehold interest.
We find Eli should have raised the 
 objection to the form of the mechanics lien at the earliest opportunity and 
 not during a motion to alter or amend the judgment after the case had been tried.  
 See Patterson v. Reid, 318 S.C. 183, 185, 456 S.E.2d 436, 437 
 (Ct. App. 1995) (A party cannot for the first time raise an issue by way of 
 a Rule 59(e) motion which could have been raised at trial.).  As such, we find 
 Eli waived his right to contest the form of the mechanics lien.
II.      Foreclosure 
 on Dalya Eliyahus Leasehold Interest
Eli contends 
 the master erred in foreclosing the leasehold interest because Mrs. Eliyahu 
 was never made a party to the action.  We disagree.
The purpose 
 of a notice of pendency of an action is to inform a purchaser or encumbrancer 
 that a particular piece of real property is subject to litigation.  Pond 
 Place Partners, Inc. v. Poole, 351 S.C. 1, 16, 567 S.E.2d 881, 889 (Ct. 
 App. 2002).  The lis pendens statute provides:
 
 
 From the time of filing only, 
 the pendency of the action shall be constructive notice to a purchaser or 
 encumbrancer of the property affected thereby, and every person whose 
 conveyance or encumbrance is subsequently executed or subsequently recorded 
 shall be deemed a subsequent purchaser or encumbrancer and shall be bound 
 by all proceedings taken after the filing of such notice to the same extent 
 as if he were made a party to the action.  For the purposes of this 
 section, an action shall be deemed to be pending from the time of filing 
 such notice.
 

S.C. Code 
 Ann. § 15-11-20 (1976) (emphasis added).
Thus, 
 when a notice of pendency is filed, a purchaser or encumbrancer is charged with 
 constructive notice of litigation if his conveyance or encumbrance is subsequently 
 executed or recorded.  MI Co., Ltd. v. McLean, 325 S.C. 616, 626, 482 
 S.E.2d 597, 602 (Ct. App. 1997).  A properly filed lis pendens binds subsequent 
 purchasers or encumbrancers to all proceedings evolving from the litigation.  
 South Carolina Natl Bank v. Cook, 291 S.C. 530, 532, 354 S.E.2d 562, 
 562 (1987).
The mechanics 
 lien in this case was filed on October 24, 2000.  The lis pendens was filed 
 November 9, 2000.  At the time, there was nothing filed with the Horry County 
 Register of Deeds to indicate that Mrs. Eliyahu was a party to the lease.  Eli 
 and Mrs. Eliyahu subsequently filed a Memorandum of Lease with the RMC office 
 on December 29, 2000.  As Mrs. Eliyahu  failed to file the Memorandum of Lease 
 until after the filing of the lis pendens, she is bound by the proceedings taken 
 after the filing of such notice to the same extent as if she had been made a 
 party to the action.  Accordingly, we find the master did not err in foreclosing 
 Mrs. Eliyahus leasehold interest in the property.  
III.    Setoff
Eli contends the master erred in 
 awarding only a $20,000.00 setoff against the amount Hathaway was entitled to 
 collect.  He contends the master failed to make specific findings of fact to 
 support the amount.  We agree and believe the issue should be remanded to the 
 master for a determination of the amount of the setoff and for specific findings 
 of fact in support of the amount.
In the Amended Final Order the master 
 awarded a $20,000.00 setoff in favor of Eli.  The master stated:
 
 
 The Court finds that the Defendant, 
 David Eli, answered and further counter claims and sets off for approximately 
 [$300,000.00] against the Plaintiff.  This Court finds after considering 
 all of the evidence presented by David Eli, that most of the evidence is 
 not credible.  However, the Court does find for the Defendant, David Eli, 
 and will allow the Defendant, David Eli, the set off in the amount of [$20,000.00] 
 to repair the roof that has a leak.  
 

We agree that a setoff is appropriate 
 given the fact that even Hathaway acknowledges the construction is not complete 
 and a leak has occurred in the building.  However, the Master made no finding 
 of fact stating how he reached a figure of $20,000.00 for the setoff.  We are 
 unable to derive the basis for the figure from the record on appeal.  As such, 
 we remand to the master for specific finding regarding the basis for the amount 
 of the setoff to which Eli is entitled.  See Timothy C. Doughtie Adver., 
 Inc. v. Nelsen Steel & Wire Co., Inc., 284 S.C. 27, 30, 324 S.E.2d 329, 
 331 (Ct. App. 1984) (case remanded where trial court failed to set forth specific 
 findings of fact and Court of Appeals was unable to determine whether the order 
 was controlled by an error of law).  
IV.    Accountants 
 Fee
Eli argues the master erred in requiring 
 him to pay one half of the accountants fee.  We disagree. 
The master found the parties entered 
 into an agreement that each party would pay for one half of the fee for Marshall 
 Wells, a CPA brought in to examine Hathaways records.  During trial, Lynn Slocum, 
 an employee of Hathaway, testified she was involved in meetings in which Eli 
 requested that an independent CPA audit the account.  She also stated that Eli 
 agreed to pay one half of the fee for the audit.  Mr. Wells testified that Floyd 
 Hathaway, the owner of Hathaway, told him that his fee would be split between 
 Hathaway and Eli.  Finally, Lisa Liebowitz, an employee of Eli, testified that 
 Eli and Floyd Hathaway had a meeting to discuss the account.  She testified, 
 David called me, say[ing], Would you  you know, are you willing to work with 
 someone we hire together, with [Hathaway] . . .  
Based 
 upon our limited standard of review, we find there was evidence in the record 
 to support the masters finding that Eli agreed to hire Wells and to pay one 
 half of his fee for the audit of the account at Hathaway.
V.      Subcontractors Penalties 
 and Interest
Eli contends the master erred in 
 awarding Hathaway the penalties and interest resulting from Hathaways failure 
 to pay subcontractors.  We disagree and find the penalties and interest resulted 
 from Elis failure to pay according to the contract and are therefore a cost 
 incurred by Hathaway.
At trial, Slocum testified that Hathaway 
 incurred approximately $32,000.00 in fees, interest, penalties, and costs as 
 a result of Elis failure to pay when requested.  The record includes many notices 
 of interest charges or late fees by Hathaways subcontractors.  
The master determined the penalties 
 and interest were the direct result of the breach by Eli.  As such, he awarded 
 $31,023.40 to Hathaway under the breach of contract claim.  Damages recoverable 
 for breach of contract either must flow as a natural consequence of the breach 
 or must have been reasonably within the parties contemplation at the time of 
 the contract.  Manning v. City of Columbia, 297 S.C. 451, 455, 377 S.E.2d 
 335, 337 (1989).  We find there was testimony and evidence to support the masters 
 decision that the penalties and interest were the direct result of the breach 
 by Eli, and therefore, are recoverable under the breach of contract cause of 
 action.
VI.    Attorneys Fees
Finally, Eli contends the master 
 erred in awarding Hathaway attorneys fees under the contract.  He claims there 
 was no evidence the contract allowed for the collection of attorneys fees.  
 Hathaway contends it should be able to recover attorneys fees under the mechanics 
 lien statute and the award should be affirmed.  We believe the issue should 
 be remanded for a determination by the master as to the amount of attorneys 
 fees due under the mechanics lien statute.
It is well established in South Carolina 
 that [a]ttorneys fees are not recoverable unless authorized by contract or 
 statute.  Jackson v. Speed, 326 S.C. 289, 307, 486 S.E.2d 750, 759 (1997).  
 In this case, there is no evidence in the record indicating attorneys fees 
 were contemplated by the contract.  Therefore, the master erred in awarding 
 attorneys fees to Hathaway under the contract.
The mechanics lien statute, however, 
 specifically authorizes the collection of attorneys fees by the prevailing 
 party.  S.C. Code Ann. § 29-5-10(a) (Supp. 2003).  While the master stated during 
 the hearing on Elis motion to alter or amend that he was awarding the fees 
 under the statute, his final order stated the fees were pursuant to the contract.  
 The master did not examine Hathaways right to attorneys fees under the statute, 
 and therefore, we remand for consideration of the amount of attorneys fees 
 to which Hathaway is entitled under section 29-5-10(a).
CONCLUSION
We find Eli waived 
 his right to complain of the form of the mechanics lien by not objecting at 
 the earliest possible opportunity.  Additionally, we find Mrs. Eliyahu is bound 
 by the proceedings as the Memorandum of Lease was filed subsequent to the filing 
 of the lis pendens.  We find the master correctly included in the judgment amount 
 one half of the fee for the accountant and the penalties and interest charged 
 by Hathaways shareholders.  Accordingly, the decisions by the master on these 
 issues are affirmed.  We find the master failed to make specific findings of 
 fact regarding the amount of the setoff to which Eli is entitled.  Additionally, 
 the master erred in awarding the attorneys fees under the contract and not 
 under the mechanics lien statute.  As such, these two issues are reversed and 
 remanded to the master for further consideration.  Therefore, the order of the 
 master is 
AFFIRMED 
 IN PART, REVERSED IN PART, AND REMANDED.
HUFF and STILWELL, JJ. and CURETON, 
 A.J., concur.